# EXHIBIT A

SUM-100

# SUMMONS
## *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:** AUTOZONE WEST, INC., [see Additional Parties
*(AVISO AL DEMANDADO):* Attachment]

**YOU ARE BEING SUED BY PLAINTIFF:** CONNIE DIETRICH, an individual;
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

**OCT 11 2018**

Sherri R. Carter, Executive Officer/Clerk of Court

By: Isaac Lovo, Deputy

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (*www.sucorte.ca.gov*), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (*www.lawhelpcalifornia.org*), en el Centro de Ayuda de las Cortes de California, (*www.sucorte.ca.gov*) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

| The name and address of the court is: *(El nombre y dirección de la corte es):* | CASE NUMBER: *(Número del Caso)* |
|---|---|
| Superior Court of California, County of Los Angeles 111 North Hill Street Los Angeles, California 90012 | **18STCV00436** |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Benno Ashrafi, WEITZ & LUXENBERG, P.C.
1880 Century Park East, Suite 700, Los Angeles, CA 90067          (310) 247-0921

| DATE: *(Fecha)* **OCT 1 1 2018** | SHERRI R. CARTER | Clerk, by *(Secretario)* _Isaac Lovo_ | , Deputy *(Adjunto)* |
|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* The Boeing Company, individually and as Successor by merger to McDonnell Douglas Corporation, Successor by merger with Douglas Aircraft Company

   under ☒ CCP 416.10 (corporation)    ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date)*

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov
Westlaw Doc & Form Builder

SUM-200(A)

| SHORT TITLE: Dietrich v. Autozone West, Inc., et al. | CASE NUMBER: |
|---|---|

### INSTRUCTIONS FOR USE

→ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.
→ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

List additional parties (Check only one box. Use a separate page for each type of party.):

☐ Plaintiff   ☒ Defendant   ☐ Cross-Complainant   ☐ Cross-Defendant

individually and as successor in interest to CHIEF AUTO PARTS, INC. and a/k/a AUTOZONE, INC.;
BORGWARNER MORSE TEC LLC as successor by merger to BORG-WARNER CORPORATION;
HONEYWELL INTERNATIONAL INC., f/k/a and individually and as successor in interest to ALLIED SIGNAL, INC.,
individually and as successor in interest to BENDIX CORPORATION;
KELLY-MOORE PAINT COMPANY INC.;
MASONEILAN INTERNATIONAL, INC., f/k/a and individually and as successor in interest to MASON-NEILAN
REGULATOR COMPANY and ANNIN VALVE CO.;
METALCLAD INSULATION LLC f/k/a METALCLAD INSULATION CORPORATION;
OWENS-ILLINOIS, INC., individually and as successor in interest to OWENS-ILLINOIS GLASS COMPANY;
SOCO WEST, INC. f/k/a BRENNTAG WEST, INC. f/k/a SOCO-LYNCH CORPORATION successor in interest to WESTERN
CHEMICAL & MANUFACTURING, CO.;
THE BOEING COMPANY, individually and as successor by merger to McDONNELL DOUGLAS CORPORATION, successor
by merger with DOUGLAS AIRCRAFT COMPANY;
THE PEP BOYS – MANNY, MOE & JACK OF CALIFORNIA;
UNION CARBIDE CORPORATION;
WESTERN AUTO SUPPLY COMPANY;

and DOES 1 through 400, inclusive,

Page ___ of ___

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-200(A) [Rev. January 1, 2007]

ADDITIONAL PARTIES ATTACHMENT
Attachment to Summons

Westlaw Doc & Form Builder

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | CONFORMED COPY |
|---|---|

Benno Ashrafi, Esq.                                SBN: 247623
WEITZ & LUXENBERG
1880 Century Park East, Suite 700, Los Angeles, CA 90067
TELEPHONE NO.: (310) 247-0921      FAX NO.: (310) 786-9927
ATTORNEY FOR *(Name)*: Plaintiff

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

**OCT 11 2018**

Sherri R. Carter, Executive Officer/Clerk of Court

By: Isaac Lovo, Deputy

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES:
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS: 111 North Hill Street
CITY AND ZIP CODE: Los Angeles, 90012
BRANCH NAME: Stanley Mosk Courthouse

CASE NAME: Dietrich v. Autozone West, Inc., et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | CASE NUMBER: |
|---|---|---|---|
| [X] Unlimited (Amount demanded exceeds $25,000) | [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter   [ ] Joinder   Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | **18STCV00436** |
| | | | JUDGE: |
| | | | DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[X] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [X] is   [ ] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [X] Large number of separately represented parties
   b. [X] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*: a. [X] monetary   b. [ ] nonmonetary; declaratory or injunctive relief   c. [X] punitive
4. Number of causes of action *(specify)*:
5. This case [ ] is   [X] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: October 11, 2018

Benno Ashrafi, Esq.
*(TYPE OR PRINT NAME)*                              *(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)*

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use Judicial Council of California CM-010 [Rev. July 1, 2007] | CIVIL CASE COVER SHEET | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740; Cal. Standards of Judicial Administration, std. 3.10 www.courtinfo.ca.gov Westlaw Doc & Form Builder |
|---|---|---|

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
 Damage/Wrongful Death
Uninsured Motorist (46) *(if the
 case involves an uninsured
 motorist claim subject to
 arbitration, check this item
 instead of Auto)*

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
 Asbestos Property Damage
 Asbestos Personal Injury/
  Wrongful Death
Product Liability *(not asbestos or
 toxic/environmental)* (24)
Medical Malpractice (45)
 Medical Malpractice–
  Physicians & Surgeons
 Other Professional Health Care
  Malpractice
Other PI/PD/WD (23)
 Premises Liability (e.g., slip
  and fall)
 Intentional Bodily Injury/PD/WD
  (e.g., assault, vandalism)
 Intentional Infliction of
  Emotional Distress
 Negligent Infliction of
  Emotional Distress
 Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
 Practice (07)
Civil Rights (e.g., discrimination,
 false arrest) *(not civil
 harassment)* (08)
Defamation (e.g., slander, libel)
 (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
 Legal Malpractice
 Other Professional Malpractice
  *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
 Breach of Rental/Lease
  Contract *(not unlawful detainer
   or wrongful eviction)*
 Contract/Warranty Breach–Seller
  Plaintiff *(not fraud or negligence)*
 Negligent Breach of Contract/
  Warranty
 Other Breach of Contract/Warranty
Collections (e.g., money owed, open
 book accounts) (09)
 Collection Case–Seller Plaintiff
 Other Promissory Note/Collections
  Case
Insurance Coverage *(not provisionally
 complex)* (18)
 Auto Subrogation
 Other Coverage
Other Contract (37)
 Contractual Fraud
 Other Contract Dispute

**Real Property**
Eminent Domain/Inverse
 Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
 Writ of Possession of Real Property
 Mortgage Foreclosure
 Quiet Title
 Other Real Property *(not eminent
  domain, landlord/tenant, or
  foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
 drugs, check this item; otherwise,
 report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
 Writ–Administrative Mandamus
 Writ–Mandamus on Limited Court
  Case Matter
 Writ–Other Limited Court Case
  Review
Other Judicial Review (39)
 Review of Health Officer Order
 Notice of Appeal–Labor
  Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
 *(arising from provisionally complex
 case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
 Abstract of Judgment (Out of
  County)
 Confession of Judgment *(non-
  domestic relations)*
 Sister State Judgment
 Administrative Agency Award
  *(not unpaid taxes)*
 Petition/Certification of Entry of
  Judgment on Unpaid Taxes
 Other Enforcement of Judgment
  Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified
 above)* (42)
 Declaratory Relief Only
 Injunctive Relief Only *(non-
  harassment)*
 Mechanics Lien
 Other Commercial Complaint
  Case *(non-tort/non-complex)*
 Other Civil Complaint
  *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate
 Governance (21)
Other Petition *(not specified
 above)* (43)
 Civil Harassment
 Workplace Violence
 Elder/Dependent Adult
  Abuse
 Election Contest
 Petition for Name Change
 Petition for Relief From Late
  Claim
 Other Civil Petition

**CIVIL CASE COVER SHEET**

| SHORT TITLE: Dietrich v. Autozone West, Inc. | CASE NUMBER 19STCV00436 |
|---|---|

# CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court.

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

### Applicable Reasons for Choosing Court Filing Location (Column C)

1. Class actions must be filed in the Stanley Mosk Courthouse, Central District.
2. Permissive filing in central district.
3. Location where cause of action arose.
4. Mandatory personal injury filing in North District.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.
11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection, or personal injury).

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1, 4, 11 |
| **Other Personal Injury/Property Damage/Wrongful Death Tort** | Asbestos (04) | ☐ A6070  Asbestos Property Damage | 1, 11 |
| | | ☒ A7221  Asbestos - Personal Injury/Wrongful Death | 1, 11 |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1, 4, 11 |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons | 1, 4, 11 |
| | | ☐ A7240  Other Professional Health Care Malpractice | 1, 4, 11 |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250  Premises Liability (e.g., slip and fall) | 1, 4, 11 |
| | | ☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1, 4, 11 |
| | | ☐ A7270  Intentional Infliction of Emotional Distress | 1, 4, 11 |
| | | ☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |

LACIV 109 (Rev 2/16)
LASC Approved 03-04

CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION

Local Rule 2.3
Page 1 of 4

COPY

| SHORT TITLE: Dietrich v. Autozone West, Inc. | | CASE NUMBER: |
|---|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Non-Personal Injury/Property Damage/Wrongful Death Tort** | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1, 2, 3 |
| | | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 1, 2, 3 |
| **Employment** | Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☐ A6024  Other Employment Complaint Case | 1, 2, 3 |
| | | ☐ A6109  Labor Commissioner Appeals | 10 |
| **Contract** | Breach of Contract/ Warranty (06)<br>(not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5 |
| | | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2, 5 |
| | | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |
| | | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1, 2, 5 |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 5, 6, 11 |
| | | ☐ A6012  Other Promissory Note/Collections Case | 5, 11 |
| | | ☐ A6034  Collections Case-Purchased Debt (Charged Off Consumer Debt Purchased on or after January 1, 2014) | 5, 6, 11 |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1, 2, 5, 8 |
| | Other Contract (37) | ☐ A6009  Contractual Fraud | 1, 2, 3, 5 |
| | | ☐ A6031  Tortious Interference | 1, 2, 3, 5 |
| | | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1, 2, 3, 8, 9 |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation      Number of parcels_____ | 2, 6 |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2, 6 |
| | | ☐ A6032  Quiet Title | 2, 6 |
| | | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6 |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2, 6, 11 |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2, 6, 11 |

| SHORT TITLE Dietrich v. Autozone West, Inc. | | CASE NUMBER |
|---|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus | 2, 8 |
| | | ☐ A6152  Writ - Mandamus on Limited Court Case Matter | 2 |
| | | ☐ A6153  Writ - Other Limited Court Case Review | 2 |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1, 2, 8 |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort<br>Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims<br>from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement<br>of Judgment (20) | ☐ A6141  Sister State Judgment | 2, 5, 11 |
| | | ☐ A6160  Abstract of Judgment | 2, 6 |
| | | ☐ A6107  Confession of Judgment (non-domestic relations) | 2, 9 |
| | | ☐ A6140  Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | | ☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2, 8 |
| | | ☐ A6112  Other Enforcement of Judgment Case | 2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints<br>(Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only | 1, 2, 8 |
| | | ☐ A6040  Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | | ☐ A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1, 2, 8 |
| | | ☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation<br>Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2, 8 |
| | Other Petitions (Not<br>Specified Above) (43) | ☐ A6121  Civil Harassment | 2, 3, 9 |
| | | ☐ A6123  Workplace Harassment | 2, 3, 9 |
| | | ☐ A6124  Elder/Dependent Adult Abuse Case | 2, 3, 9 |
| | | ☐ A6190  Election Contest | 2 |
| | | ☐ A6110  Petition for Change of Name/Change of Gender | 2, 7 |
| | | ☐ A6170  Petition for Relief from Late Claim Law | 2, 3, 8 |
| | | ☐ A6100  Other Civil Petition | 2, 9 |

| SHORT TITLE Dietrich v. Autozone West, Inc. | CASE NUMBER |
|---|---|

**Step 4: Statement of Reason and Address:** Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address which is the basis for the filing location, including zip code. (No address required for class action cases).

| REASON: | ADDRESS: |
|---|---|
| ☐ 1. ☒ 2. ☐ 3. ☐ 4. ☐ 5. ☐ 6. ☐ 7. ☐ 8. ☐ 9. ☐ 10. ☐ 11. | 818 W. 7th Street |

| CITY: | STATE: | ZIP CODE: |
|---|---|---|
| Los Angeles | CA | 90017 |

**Step 5: Certification of Assignment:** I certify that this case is properly filed in the Central _____ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., §392 et seq., and Local Rule 2.3(a)(1)(E)].

Dated: October 11, 2018 _____

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 02/16).

5. Payment in full of the filing fee, unless there is court order for waiver, partial or scheduled payments.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

1    Benno Ashrafi, Esq. (CSBN 247623)
2    Marc Willick, Esq. (CSBN 175379)
     **WEITZ & LUXENBERG, P.C.**
3    1880 Century Park East, Suite 700
     Los Angeles, California 90067
4    Tel.: (310) 247-0921
5    Fax: (310) 786-9927

6    Attorneys for Plaintiff

7

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

OCT 11 2018

Sherri R. Carter, Executive Officer/Clerk of Court

By: Isaac Lovo, Deputy

8         **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9             **FOR THE COUNTY OF LOS ANGELES**

10

11    CONNIE DIETRICH, an individual;      CASE NO.:    **18STCV00436**

12         Plaintiff,

13    v.

14    **AUTOZONE WEST, INC.**, individually    **PLAINTIFF'S COMPLAINT FOR**
15    and as successor in interest to CHIEF    **DAMAGES**
     AUTO PARTS, INC. and a/k/a
16    AUTOZONE, INC.;
     **BORGWARNER MORSE TEC LLC** as    1. **NEGLIGENCE**
17    successor by merger to BORG-WARNER
18    CORPORATION;      2. **BREACH OF EXPRESS AND**
     **HONEYWELL INTERNATIONAL**      **IMPLIED WARRANTIES**
19    **INC.**, f/k/a and individually and as
20    successor in interest to ALLIED SIGNAL,    3. **STRICT LIABILITY**
     INC., individually and as successor in
21    interest to BENDIX CORPORATION;    4. **PREMISES OWNER/**
22    **KELLY-MOORE PAINT COMPANY**      **CONTRACTOR LIABILITY**
     **INC.**;
23    **MASONEILAN INTERNATIONAL,**    **DEMAND FOR JURY TRIAL**
24    **INC.**, f/k/a and individually and as
     successor in interest to MASON-NEILAN
25    REGULATOR COMPANY and ANNIN
     VALVE CO.;
26    **METALCLAD INSULATION LLC** f/k/a
27    METALCLAD INSULATION
     CORPORATION;
28    **OWENS-ILLINOIS, INC.**, individually

- 1 -

PLAINTIFF'S COMPLAINT

1  and as successor in interest to OWENS-
ILLINOIS GLASS COMPANY;
2  **SOCO WEST, INC.** f/k/a BRENNTAG
WEST, INC. f/k/a SOCO-LYNCH
3  CORPORATION successor in interest to
WESTERN CHEMICAL &
4  MANUFACTURING, CO.;
5  **THE BOEING COMPANY**, individually
and as successor by merger to
6  McDONNELL DOUGLAS
CORPORATION, successor by merger
7  with DOUGLAS AIRCRAFT COMPANY;
8  **THE PEP BOYS – MANNY, MOE &
JACK OF CALIFORNIA;**
9  **UNION CARBIDE CORPORATION;**
10  **WESTERN AUTO SUPPLY
COMPANY;**
11
12  and DOES 1 through 400, inclusive,
13          Defendants.
14
15      **COMES NOW**, Plaintiff CONNIE DIETRICH for causes of action against

16  defendants and DOES 1 through 400, and each of them, inclusive, who files this Complaint

17  and alleges as follows:

18                    <u>GENERAL ALLEGATIONS</u>

19      1.    The true names and/or capacities, whether individual, corporate, partnership,

20  associate, governmental, or otherwise, of defendant DOES 1 through 400, inclusive, are

21  unknown to plaintiff at this time, who therefore sue said defendants by such fictitious names.

22  Plaintiff is informed and believes, and thereon alleges, that each defendant designated herein

23  as a DOE caused injuries and damages proximately thereby to plaintiff as hereinafter

24  alleged; and that each DOE defendant is liable to the plaintiff for the acts and omissions

25  alleged herein below, and the resulting injuries to plaintiff, and damages sustained by the

26  plaintiff.  Plaintiff will amend this complaint to allege the true names and capacities of said

27  DOE defendants when that same is ascertained.

28      2.    Plaintiff is informed and believes, and thereon alleges, that at all times herein

                              - 2 -

WEITZ & LUXENBERG P.C.
A PROFESSIONAL CORPORATION
LAW OFFICES
1880 CENTURY PARK EAST, SUITE 700
LOS ANGELES, CALIFORNIA 90247

WEITZ & LUXENBERG P.C.
A PROFESSIONAL CORPORATION
LAW OFFICES
1880 CENTURY PARK EAST, SUITE 700
LOS ANGELES, CALIFORNIA 90067

1    mentioned, each of the defendants and each of the DOE defendants were the agent, servant,

2    employee and/or joint venturer of the other co-defendants and other DOE defendants, and

3    each of them, and at all said times, each defendant and each DOE defendant was acting in

4    the full course, scope and authority of said agency, service, employment and/or joint venture.

5        3.    Plaintiff is informed and believes, and thereon alleges, that all times mentioned

6    herein, defendants and DOES 1 through 400, and each of them, inclusive, were also known

7    as, formerly known as and/or were the successors and/or predecessors in

8    interest/business/product line/or a portion thereof, assigns, a parent, a subsidiary (wholly or

9    partially owned by, or the whole or partial owner), affiliate, partner, co-venturer, merged

10   company, alter egos, agents, equitable trustees and/or fiduciaries of and/or were members in

11   an entity or entities engaged in the funding, researching, studying, manufacturing,

12   fabricating, designing, developing, labeling, assembling, distributing, supplying, leasing,

13   buying, offering for sale, selling, inspecting, servicing, repairing, installing, demolishing,

14   contracting for installation, contracting others to install, repairing, marketing, warranting,

15   rebranding, manufacturing for others, packaging and advertising a certain substance, the

16   generic name of which is asbestos, and/or other products, components and assemblies

17   containing said substance (hereafter "alternate entities").  Defendants and DOES 1 through

18   400, and each of them, inclusive, are liable for the acts, omissions and tortious conduct of its

19   successors and/or predecessors in interest/business/product line/or a portion thereof, assigns,

20   parent, subsidiary, affiliate, partner, co-venturer, merged company, alter ego, agent, equitable

21   trustee, fiduciary and/or its alternate entities in that defendants and DOES 1 through 400, and

22   each of them, inclusive, enjoys the goodwill originally attached to each such alternate entity,

23   acquired the assets or product line (or portion thereof), and that there has been a virtual

24   destruction of plaintiff remedy against each such alternate entity, and in that each such

25   defendant has the ability to assume the risk spreading role of each such alternate entity.

26       4.    Plaintiff is informed and believes, and thereon alleges, that at all times herein

27   mentioned, that defendants and DOES 1 through 400, and each of them, inclusive, were and

28   are corporations organized and existing under the laws of the State of California or the laws

- 3 -

1   of some state or foreign jurisdiction; that each of the said defendants and DOE defendants

2   were and are authorized to do and are doing business in the State of California and regularly

3   conducted business in the County of Los Angeles; and that certain defendants and DOES

4   designate or have maintained principle places of business in the County of Los Angeles.

5       5.     Although the plaintiff may have been employed by defendant at the time of his

6   exposure to the defendant's asbestos-containing products (and to other asbestos-containing

7   products), or to asbestos by virtue of defendant's failure to protect from asbestos, each

8   defendant lacked workers' compensation insurance coverage during the years that the

9   plaintiff was exposed, having failed to secure the payment of workers' compensation through

10   mandated insurance or self-insurance coverage.  In addition, the plaintiff's exposure to the

11   defendant's asbestos-containing products (and to other asbestos-containing products), or to

12   asbestos by virtue of defendant's failure to protect from asbestos, did not arise out of the

13   plaintiff's employment, as the defendant lacked the right to control the manner or means of

14   the plaintiff's work duties.  Finally, the plaintiff was exposed to asbestos-containing products

15   that the defendant manufactured for sale to the general public, and which the plaintiff only

16   incidentally used during the course of his work duties.

17       6.     Defendants placed their names, logos, and trademarks on asbestos products as

18   well as put out as their own asbestos products manufactured by others so as to be an apparent

19   manufacturer and liable as the manufacturer.

20       7.     Plaintiff CONNIE DIETRICH was exposed from take-home and household

21   exposures as well as bystander exposures by and from the work of her husband Paul Dietrich

22   and father Melvin Beachler, from approximately 1948 to 1979, who at various locations,

23   including within the State of California, used, handled or was otherwise exposed to asbestos,

24   asbestos containing products and/or products designed to be used in association with

25   asbestos products of, and/or products that created an asbestos hazard, and/or safety

26   equipment intended to block the entry of asbestos fibers, and/or by virtue of the creation of

27   asbestos dust and failure to protect from asbestos dust, and/or on or about the premises of

28   and by, defendants and DOES 1 through 400, and each of them, inclusive; including:

- 4 -

PLAINTIFF'S COMPLAINT

WEITZ & LUXENBERG P.C.
A PROFESSIONAL CORPORATION
LAW OFFICES
1880 CENTURY PARK EAST, SUITE 700
LOS ANGELES, CALIFORNIA 90067

WEITZ & LUXENBERG, P.C.
A PROFESSIONAL CORPORATION
LAW OFFICES
1880 CENTURY PARK EAST, SUITE 700
LOS ANGELES, CALIFORNIA 90067

1   **AUTOZONE WEST, INC.**, individually and as successor in interest to CHIEF AUTO

2   PARTS, INC. and a/k/a AUTOZONE, INC. (for auto parts supplier); **BORGWARNER**

3   **MORSE TEC LLC** as successor by merger to BORG-WARNER CORPORATION (for

4   auto clutches); **HONEYWELL INTERNATIONAL INC.**, f/k/a and individually and as

5   successor in interest to ALLIED SIGNAL, INC., individually and as successor in interest to

6   BENDIX CORPORATION (for auto brakes); **KELLY-MOORE PAINT COMPANY**

7   **INC.** (for joint compound); **MASONEILAN INTERNATIONAL, INC.**, f/k/a and

8   individually and as successor in interest to MASON-NEILAN REGULATOR COMPANY

9   and ANNIN VALVE CO. (for valves, gaskets and premises take home); **METALCLAD**

10  **INSULATION LLC** f/k/a METALCLAD INSULATION CORPORATION (for insulation,

11  gaskets, contractor and premises take home); **OWENS-ILLINOIS, INC.**, individually and

12  as successor in interest to OWENS-ILLINOIS GLASS COMPANY (for insulation); **SOCO**

13  **WEST, INC.** f/k/a BRENNTAG WEST, INC. f/k/a SOCO-LYNCH CORPORATION

14  successor in interest to WESTERN CHEMICAL & MANUFACTURING, CO. (for asbestos

15  fiber); **THE BOEING COMPANY**, individually and as successor by merger to

16  McDONNELL DOUGLAS CORPORATION, successor by merger with DOUGLAS

17  AIRCRAFT COMPANY (for premises take home); **THE PEP BOYS – MANNY, MOE &**

18  **JACK OF CALIFORNIA** (for auto parts supplier); **UNION CARBIDE CORPORATION**

19  (for asbestos fiber); **WESTERN AUTO SUPPLY COMPANY** (for auto parts supplier).

20  Plaintiffs further allege; defendants and DOES 1 through 400, and each of them, inclusive,

21  designed, manufactured, sold, supplied, distributed and otherwise marketed asbestos

22  containing products, equipment and systems with original and replacement asbestos-

23  containing products, components, and integral parts; that defendants and DOES 1 through

24  400 inclusive specified and required the use of such original and replacement asbestos

25  containing parts and components that were integral to their respective asbestos containing

26  products' normal use and operation and that by design such normal use and operation

27  directly created, generated, released and exposed plaintiff CONNIE DIETRICH and/or Paul

28  Dietrich and Melvin Beachler to asbestos-containing dust, debris, fiber and particulate from

- 5 -

1  such integral, specified, necessary and required asbestos products and components; that as a

2  direct and proximate result of all of the above, plaintiff CONNIE DIETRICH and/or Paul

3  Dietrich and Melvin Beachler was exposed by defendants and DOES 1 through 400,

4  inclusive to asbestos-containing dust, debris, fiber and particulate which increased his risk of

5  developing the mesothelioma and asbestos disease(s) from which she now suffers.

6      8.    In a reasonably foreseeable manner, CONNIE DIETRICH would launder

7  and/or shake out her own clothing and the clothing of her father and husband, sweeping

8  and/or cleaning the laundry room and house, among other activities involving dust, and

9  would ride in and/or clean the family automobiles.  These activities would disturb the

10  asbestos dust that had settled on the family automobiles and on his/her clothing and/or

11  persons of family members.  CONNIE DIETRICH breathed this dust.

12      9.    Plaintiff is informed and believes, and thereon alleges, that asbestos related

13  diseases such as mesothelioma, lung cancer, asbestosis, scarring of the lungs and pleural

14  plaques are progressive lung diseases caused by cumulative inhalation of asbestos fibers

15  without perceptible trauma and that said diseases result from exposure to asbestos and

16  asbestos products over a period of time.

17      10.    As set forth herein this complaint, and as a result of plaintiff CONNIE

18  DIETRICH and/or Paul Dietrich and Melvin Beachler's asbestos exposure to the products of

19  and/or on the premises of defendants and DOES 1 through 400, and each of them, inclusive,

20  plaintiff CONNIE DIETRICH was diagnosed with mesothelioma on or about July, 2018,

21  which is life threatening, debilitating and likely terminal, and plaintiff continues to endure

22  great physical pain and suffering, mental anguish, loss of enjoyment of life and the loss of

23  earnings, earning capacity and attendant medical expenses; all to the plaintiff's general and

24  special damage in excess of the jurisdictional limits of the unlimited Court.

### FIRST CAUSE OF ACTION

### NEGLIGENCE

#### (Against All Product Defendants and DOES 1 through 400)

28      11.    Plaintiff re-alleges and incorporates here by reference, as though fully set forth

WEITZ & LUXENBERG P.C.
A PROFESSIONAL CORPORATION
LAW OFFICES
1880 CENTURY PARK EAST, SUITE 700
LOS ANGELES, CALIFORNIA 90067

1   at length herein, all of the allegations of paragraphs 1 through 10 above, inclusive.

2       12.    Plaintiff's husband and father was a worker and end user who used, handled or

3   was otherwise exposed to asbestos, asbestos containing products and/or products designed to

4   be used in association with asbestos products of, and/or products that created an asbestos

5   hazard, and/or safety equipment intended to block the entry of asbestos fibers, and/or by

6   virtue of the creation of asbestos dust and failure to protect from asbestos dust, and/or on or

7   about the premises of and by, including, but not limited to: **AUTOZONE WEST, INC.,**

8   individually and as successor in interest to CHIEF AUTO PARTS, INC. and a/k/a

9   AUTOZONE, INC. (for auto parts supplier); **BORGWARNER MORSE TEC LLC** as

10   successor by merger to BORG-WARNER CORPORATION (for auto clutches);

11   **HONEYWELL INTERNATIONAL INC.,** f/k/a and individually and as successor in

12   interest to ALLIED SIGNAL, INC., individually and as successor in interest to BENDIX

13   CORPORATION (for auto brakes); **KELLY-MOORE PAINT COMPANY INC.** (for joint

14   compound); **MASONEILAN INTERNATIONAL, INC.,** f/k/a and individually and as

15   successor in interest to MASON-NEILAN REGULATOR COMPANY and ANNIN VALVE

16   CO. (for valves, gaskets and premises take home); **METALCLAD INSULATION LLC**

17   f/k/a METALCLAD INSULATION CORPORATION (for insulation, gaskets, contractor

18   and premises take home); **OWENS-ILLINOIS, INC.,** individually and as successor in

19   interest to OWENS-ILLINOIS GLASS COMPANY (for insulation); **SOCO WEST, INC.**

20   f/k/a BRENNTAG WEST, INC. f/k/a SOCO-LYNCH CORPORATION successor in

21   interest to WESTERN CHEMICAL & MANUFACTURING, CO. (for asbestos fiber); **THE**

22   **BOEING COMPANY,** individually and as successor by merger to McDONNELL

23   DOUGLAS CORPORATION, successor by merger with DOUGLAS AIRCRAFT

24   COMPANY (for premises take home); **THE PEP BOYS – MANNY, MOE & JACK OF**

25   **CALIFORNIA** (for auto parts supplier); **UNION CARBIDE CORPORATION** (for

26   asbestos fiber); **WESTERN AUTO SUPPLY COMPANY** (for auto parts supplier), and

27   DOES 1 through 400, and each of them inclusive (hereafter "Product Defendants"), in a

28   manner that was reasonably foreseeable to said defendants.

WEITZ & LUXENBERG P.C.
A PROFESSIONAL CORPORATION
LAW OFFICES
1880 CENTURY PARK EAST, SUITE 700
LOS ANGELES, CALIFORNIA 90067

- 7 -

13.    At all times herein mentioned, the Product Defendants, and each of them, were engaged in the business of researching, studying, manufacturing, fabricating, designing, developing, labeling, assembling, distributing, supplying, leasing, buying, offering for sale, selling, inspecting, servicing, repairing, installing, demolishing, contracting for installation, contracting others to install, repairing, marketing, warranting, rebranding, manufacturing for others, packaging and advertising a certain substance, the generic name of which is asbestos and/or products containing asbestos and/or products which created an asbestos hazard, or are engaged in the business of manufacturing, fabricating, designing, assembling, distributing, selling, and marketing of safety equipment, including respiratory protective devices which were intended to block the entry of asbestos fibers into the bodies of workers who were exposed to asbestos in the workplace and other locations.

14.    At all times herein mentioned, the Product Defendants, and each of them, negligently and carelessly researched, tested or failed to test, warned or failed to warn, failed to recall or retrofit, failed to provide protective measures to prevent take home exposure, failed to warn of the dangers to those who come in contact with users, manufactured and/or caused to be manufactured, fabricated, designed, developed, labeled, assembled, distributed, supplied, leased, bought, offered for sale, sold, inspected, serviced, repaired, installed, demolished, contracted for installation, contracted others to install, repaired, marketed, warranted, rebranded, manufactured for others, packaged and advertised asbestos and/or products containing asbestos and/or products which created an asbestos hazard, and/or safety equipment intended to block the entry of asbestos, and those products did, in fact, proximately cause personal injuries to users, consumers, workers, persons working around or living with persons working with or around such products, and others including plaintiff CONNIE DIETRICH and/or Paul Dietrich and Melvin Beachler, while being used in a manner that was intended by or otherwise reasonably foreseeable to said defendants, thereby rendering said products unsafe and dangerous for use by the consumers, users, bystanders or workers exposed thereto.

15.    At all times herein mentioned, the Product Defendants, and each of them, had a

- 8 -

PLAINTIFF'S COMPLAINT

1   duty to exercise reasonable care while engaging in the activities mentioned above and said

2   Defendants breached said duty of reasonable care in that Product Defendants, and each of

3   them, failed to safely and adequately design, manufacture and/or sell said defendants'

4   products; failed to test said products; failed to investigate the hazards of said products; failed

5   to recall or retrofit; failed to provide protective measures to prevent take home exposure;

6   failed to warn those persons who would be exposed, failed to warn of the dangers to those

7   who come in contact with users, including plaintiff CONNIE DIETRICH, Paul Dietrich, and

8   Melvin Beachler, of the health hazards of using said defendants' products; failed to disclose

9   the known or knowable dangers of using said defendants' products; failed to obtain suitable

10  alternative materials to asbestos when such alternatives were available; and as otherwise

11  stated herein.

12      16.    On or before 1932, and thereafter, the Product Defendants, and each of them,

13  were aware and knew of the dangers associated with breathing asbestos containing dust, and

14  said defendants also were aware and knew that users of asbestos and asbestos products, as

15  well as members of the general public who would be exposed to asbestos and asbestos-

16  containing products, had no knowledge or information indicating that asbestos could cause

17  injury, and said defendants knew that the users of asbestos and asbestos-containing products,

18  as well as members of the general public who were exposed to asbestos and asbestos-

19  containing products, would assume, and in fact did assume, that exposure to asbestos and

20  asbestos-containing products was safe, when in fact said exposure was extremely hazardous

21  to human life; and propagated misinformation intended to instill in users of the Product

22  Defendants' products a false security about the safety of said defendants' products.

23      17.    The Product Defendants, and each of them, knew and failed to disclose that

24  plaintiff CONNIE DIETRICH and/or Paul Dietrich and Melvin Beachler and anyone

25  similarly situated, upon inhalation of asbestos would, in time, have a substantial risk of

26  developing irreversible conditions of pneumoconiosis, asbestosis, mesothelioma and/or

27  cancer, and said defendants knew and failed to disclose that inhalation of asbestos would

28  cause pathological effects without noticeable trauma to the public, including buyers, users,

WEITZ & LUXENBERG P.C.
A PROFESSIONAL CORPORATION
LAW OFFICES
1880 CENTURY PARK EAST, SUITE 700
LOS ANGELES, CALIFORNIA 90067

- 9 -

1   and physicians such that physicians could not examine, diagnose and treat those who were

2   exposed to asbestos, including plaintiff.

3       18.    The Product Defendants, and each of them, despite said defendants knowledge

4   of the substantial risks associated with exposure to asbestos, willfully and knowingly

5   concealed and actively suppressed and promoted the suppression from all consumers,

6   including plaintiff CONNIE DIETRICH, medical and scientific information concerning the

7   health hazards associated with inhalation of asbestos, including the substantial risk of injury

8   or death therefrom in conscious disregard of the rights, safety and welfare of users,

9   consumers, workers, persons working around or living with persons working with or around

10   such asbestos and asbestos-containing products, and others including plaintiff CONNIE

11   DIETRICH and/or Paul Dietrich and Melvin Beachler.

12       19.    Rather than attempting to protect users and workers from, or warn workers and

13   users of, the high risk of injury or death resulting from exposure to asbestos and asbestos-

14   containing products, the Product Defendants, and each of them, intentionally failed to reveal

15   their knowledge of said risk, fraudulently, consciously and actively concealed and

16   suppressed said knowledge from members of the general public that asbestos and asbestos

17   products were unsafe for all reasonably foreseeable use, with the knowledge of the falsity of

18   said implied representations.  Said defendants propagated misinformation to instill a false

19   sense of security and safety to instill in users a false sense of security about the safety of their

20   products.

21       20.    In researching, testing, manufacturing, distributing, labeling, installing and

22   marketing said products, the Product Defendants, and each of them, did so with conscious

23   disregard for the safety of the users of said products, in that said defendants had specific

24   prior knowledge that there was a high risk of injury or death resulting from exposure to

25   asbestos or asbestos-containing products, including but not limited to mesothelioma.  Said

26   knowledge was obtained, in part, from scientific studies, government data, and medical data

27   to which said defendants had access, as well as scientific studies performed by, at the request

28   of, or with the assistance of, said defendants, and which knowledge was obtained by said

WEITZ & LUXENBERG P.C.
A PROFESSIONAL CORPORATION
LAW OFFICES
1880 CENTURY PARK EAST, SUITE 700
LOS ANGELES, CALIFORNIA 90067

1  defendants on or before 1932, and thereafter.

2  21.  The above referenced conduct of Product Defendants, and each of them, was

3  motivated by the financial interest of said defendants in the continuing, uninterrupted

4  distribution and marketing of asbestos and asbestos-containing products.  In pursuance of

5  said financial motivation, said defendants consciously disregarded the safety of the users of,

6  and persons exposed to, asbestos and asbestos-containing products, and were in fact,

7  consciously willing to permit asbestos and asbestos-containing products to cause injury to

8  workers and users thereof, and persons exposed thereto, including plaintiff.

9  22.  With said knowledge, Product Defendants, and each of them, opted to

10  manufacture, distribute and install said asbestos and asbestos-containing products without

11  attempting to protect users from or warn users of, the high risk of injury or death resulting

12  from exposure to asbestos and asbestos products.

13  23.  Plaintiff was not aware that exposure to asbestos presented any risk of injury

14  and/or disease to CONNIE DIETRICH and/or Paul Dietrich and Melvin Beachler, and had

15  not been advised or informed by anyone that she could contract any disease, sickness or

16  injury as a result of working in the vicinity of asbestos.

17  24.  Product Defendants, and each of them, were aware that such dust created an

18  increased risk of asbestos disease for all users, consumers, or others who breathed said

19  asbestos-containing dust.

20  25.  Plaintiff is informed and believes, and based thereon alleges, that the injuries

21  complained of herein were proximately caused by the negligence of the Product Defendants,

22  and each of them, in that said defendants knew or should have known that the asbestos dust

23  would be generated and released from their asbestos-containing products during the regular

24  and intended uses of such asbestos products, and that said asbestos-containing products and

25  the asbestos dust exposure there from created an increased risk of asbestos disease for all

26  users, consumers, or others, including plaintiff, who breathed said asbestos-containing dust

27  which said defendants knew or should have known was harmful to the body and health of

28  persons installing, handling, and using asbestos and asbestos-containing products, as well as

WEITZ & LUXENBERG P.C.
A PROFESSIONAL CORPORATION
LAW OFFICES
1880 CENTURY PARK EAST, SUITE 700
LOS ANGELES, CALIFORNIA 90067

- 11 -

to persons in the immediate vicinity of such installation, use and handling, and that such asbestos products and dust were capable of causing and did, in fact, cause personal injuries to users, consumers and others, while being used in a manner reasonably foreseeable, thereby rendering said substance unsafe and dangerous for use by plaintiff.

26.     Plaintiff is informed and believes, and based thereon alleges, that the injuries complained of herein were proximately caused by the negligence of the Product Defendants, and each of them, in that said defendants failed to take reasonable care to warn the plaintiff of the danger and harm to which she was exposed while installing, handling and otherwise using said products, as well as while she was in the vicinity of the use, installation, and handling of said products, and failed to specify, recommend, supply, install, sell, and use readily available substitutes which do not and did not pose the danger to human health.

27.     The conduct of the Product Defendants, and each of them, as described in this cause of action was a substantial factor and a legal cause of the injuries and damages sustained by plaintiff, and that said defendants demonstrated such an entire want of care as to establish that their acts and omissions were the result of actual conscious indifference to the rights, safety, and welfare of plaintiff CONNIE DIETRICH, and that such intentional acts and omissions were substantial factors in causing his disease and injuries.

28.     As a direct and proximate result of the aforesaid conduct of said Product Defendants, and each of them, plaintiff CONNIE DIETRICH has suffered, and continues to suffer, permanent injuries to his person, body and health all to his general damage in a sum in excess of the jurisdictional limits of this unlimited Court.

29.     As a direct and proximate result of the aforesaid conduct of said Product Defendants, and each of them, plaintiff CONNIE DIETRICH was and will be compelled to and did employ medical services in an amount which has not as yet been fully ascertained and which will be asserted according to proof at trial.

30.     As a direct and proximate result of the aforesaid conduct of said Product Defendants, and each of them, plaintiff has and/or will suffer loss of income and earnings, past, present and future and earning capacity in an amount which has not as yet been fully

- 12 -

WEITZ & LUXENBERG P.C.
A PROFESSIONAL CORPORATION
LAW OFFICES
1880 CENTURY PARK EAST, SUITE 700
LOS ANGELES, CALIFORNIA 90067

1   ascertained and which will be asserted according to proof at trial.

2       31.   As a direct and proximate result of the aforesaid conduct of said Product

3   Defendants, and each of them, plaintiff did necessarily incur and in the future will incur

4   incidental expenses and damages in an amount which has not as yet been fully ascertained

5   and which will be asserted according to proof at trial.

6       32.   In particular, plaintiff would show that, as alleged here in this cause of action

7   and throughout this complaint, that such intentional, grossly wanton acts and omissions by

8   said Product Defendants, and DOES 1 through 400, and each of them, and their officers,

9   directors, and managing agents, inclusive, were substantial factors in, and participated in,

10   authorized, expressly and impliedly ratified, and had full knowledge of or should have

11   known, each of the acts set forth here causing his disease and injuries.  As the above

12   referenced conduct complained of in this complaint of said Product Defendants, and DOES 1

13   through 400, and each of them, and their officers, directors, and managing agents, inclusive,

14   was and is vile, base, willful, malicious, fraudulent, oppressive, outrageous, and said Product

15   Defendants, and each of them, inclusive, demonstrated such an entire want of care as to

16   establish that their acts and omissions were the result of actual conscious indifference to the

17   rights, safety, and welfare of plaintiff CONNIE DIETRICH and/or Paul Dietrich and Melvin

18   Beachler and of workers exposed to asbestos and asbestos products, such that, plaintiff, for

19   the sake of example, and by way of punishing said defendants, seek punitive damages

20   according to proof.

21   **SECOND CAUSE OF ACTION**

22   **BREACH OF EXPRESS AND IMPLIED WARRANTIES**

23   **(Against All Product Defendants and DOES 1 through 400)**

24       33.   Plaintiff re-alleges and incorporates here by reference, as though fully set forth

25   at length herein, all of the allegations of paragraphs 1 through 32 above, inclusive.

26       34.   Defendants and DOES 1 through 400, and each of them, inclusive, sold and/or

27   otherwise supplied the asbestos containing products, materials and equipment to Plaintiff

28   and/or her employers.

- 13 -

WEITZ & LUXENBERG P.C.
A PROFESSIONAL CORPORATION
LAW OFFICES
1880 CENTURY PARK EAST, SUITE 700
LOS ANGELES, CALIFORNIA 90067

35.   That in connection with the manufacture, preparation, sale, specification, installation, use, and supply of asbestos products, Product Defendants, and each of them, expressly and impliedly warranted that said products were of good and merchantable quality and fit for their intended use. However, in truth and in fact, said products contained harmful and deleterious asbestos fibers, known to the defendants herein, to be defective and harmful to humans exposed thereto.

36.   Said products were not and are not suitable for the purposes for which said products were intended, supplied, and relied upon, nor suitable for any other similar purpose, including their use by human beings in confined spaces where humans would be physically present, working, resting or breathing.

37.   Plaintiff relied on the express and implied warranties of Product Defendants, and each of them, in the use of and exposure to said asbestos and asbestos products, and plaintiff CONNIE DIETRICH and/or Paul Dietrich and Melvin Beachler was using and/or exposed to said asbestos in a reasonably foreseeable intended manner.

38.   Product Defendants, and each of them, breached the above-described express and implied warranties in that said substance was defective, which defects permitted and/or caused said substance to seriously and permanently cause injury to plaintiff while using said substance in a manner that was reasonably foreseeable.

39.   The breaches of warranties by the Product Defendants, and each of them, as described in this cause of action was a substantial factor and a legal cause of the injuries and damages sustained by plaintiff.

40.   As a direct and proximate result of the above-described breaches of warranties by said Product Defendants, and each of them, plaintiff CONNIE DIETRICH suffered severe and permanent injuries to his person, and plaintiff suffered damages as alleged above.

41.   In particular, plaintiff would show that, as alleged here in this cause of action and throughout this complaint, that such intentional, grossly wanton acts and omissions by said Product Defendants, and DOES 1 through 400, and each of them, and their officers, directors, and managing agents, inclusive, were substantial factors in, and participated in,

1   authorized, expressly and impliedly ratified, and had full knowledge of or should have

2   known, each of the acts set forth here causing his disease and injuries.   As the above

3   referenced conduct complained of in this complaint of said Product Defendants, and DOES 1

4   through 400, and each of them, and their officers, directors, and managing agents, inclusive,

5   was and is vile, base, willful, malicious, fraudulent, oppressive, outrageous, and said Product

6   Defendants, and each of them, inclusive, demonstrated such an entire want of care as to

7   establish that their acts and omissions were the result of actual conscious indifference to the

8   rights, safety, and welfare of plaintiff CONNIE DIETRICH and/or Paul Dietrich and Melvin

9   Beachler and of workers exposed to asbestos and asbestos products, such that, plaintiff, for

10   the sake of example, and by way of punishing said defendants, seek punitive damages

11   according to proof.

## THIRD CAUSE OF ACTION

## STRICT LIABILITY IN TORT

**(Against All Product Defendants and DOES 1 through 400, Except THE BOEING COMPANY, individually and as successor by merger to McDONNELL DOUGLAS CORPORATION, successor by merger with DOUGLAS AIRCRAFT COMPANY)**

17   42.   Plaintiff re-alleges and incorporates here by reference, as though fully set forth

18   at length herein, all of the allegations of paragraphs 1 through 41 above, inclusive.

19   43.   At all times mentioned herein, the Product Defendants, and each of them,

20   manufactured, fabricated, designed, developed, labeled, assembled, distributed, supplied,

21   leased, bought, offered for sale, sold, inspected, serviced, repaired, installed, demolished,

22   contracted for installation, contracted others to install, repaired, marketed, warranted,

23   rebranded, manufactured for others, packaged and advertised asbestos and/or products

24   containing asbestos and/or products which created an asbestos hazard, and/or safety

25   equipment intended to block the entry of asbestos fibers, and that asbestos and/or products

26   containing asbestos and/or products which created an asbestos hazard and/or safety

27   equipment intended to block the entry of asbestos fibers were defective in that they were not

28   as safe as an ordinary consumer of such products would expect; and that the gravity of the

WEITZ & LUXENBERG P.C.
A PROFESSIONAL CORPORATION
LAW OFFICES
1880 CENTURY PARK EAST, SUITE 700
LOS ANGELES, CALIFORNIA 90067

- 15 -

potential harm resulting from the use of the defective products of the Product Defendants, and each of them, and the risk of said asbestos and asbestos-containing products outweighed any benefit of the said defendants' design, when safer alternative designs and materials existed and were available that could and should have been substituted and used instead of the deadly asbestos, including providing adequate warning of such potential harm.

44.   At all times mentioned herein, the Product Defendants, and each of them, were aware of the dangerous and defective nature of asbestos and asbestos-containing products when they were used in their intended or reasonably foreseeable manner.

45.   The Product Defendants, and each of them, placed said asbestos products on the market, knowing the asbestos-containing products would be used without inspection for such defects and unsafe conditions, and that said defendants nonetheless took no action to warn or otherwise protect exposed persons, including plaintiff, who foreseeable would be exposed to these defective and inadequately labeled asbestos and asbestos-containing products.

46.   The asbestos and asbestos-containing products, components and assemblies of the Product Defendants, and each of them, were substantially the same as when they left said defendants' possession.

47.   The aforementioned asbestos and asbestos-containing products of the Product Defendants, and each of them, were used by plaintiff and exposed persons in the manner for which they were intended or in a manner that was or would be reasonably foreseeable; and that plaintiff CONNIE DIETRICH and/or Paul Dietrich and Melvin Beachler was exposed to said asbestos and asbestos-containing products in a manner foreseeable to said defendants.

48.   The dangers inherent in breathing asbestos-containing dust and the dangers inherent in asbestos-containing products, components and assemblies were unknown and unforeseeable to plaintiff CONNIE DIETRICH and/or Paul Dietrich and Melvin Beachler, and plaintiff had not been advised or informed by anyone that she could contract any disease, sickness or injury as a result of working in the vicinity of asbestos.

49.   The failure to warn by and the product defect in the asbestos and asbestos-

- 16 -

WEITZ & LUXENBERG P.C.
A PROFESSIONAL CORPORATION
LAW OFFICES
1880 CENTURY PARK EAST, SUITE 700
LOS ANGELES, CALIFORNIA 90067

1   containing products of Product Defendants, and each of them, were substantial factors and a

2   legal cause of plaintiff CONNIE DIETRICH's injuries and damages thereby sustained by

3   plaintiff, and that said defendants demonstrated such an entire want of care as to establish

4   that their acts and omissions were the result of actual conscious indifference to the rights,

5   safety, and welfare of plaintiff CONNIE DIETRICH, and that such intentional acts and

6   omissions were substantial factors in causing his disease and injuries.

7      50.   As a direct and proximate result of the aforesaid conduct of said Product

8   Defendants, and each of them, plaintiff CONNIE DIETRICH suffered severe and permanent

9   injuries to his person, and plaintiff suffered damages as alleged above.

10     51.   In particular, plaintiff would show that, as alleged here in this cause of action

11  and throughout this complaint, that such intentional, grossly wanton acts and omissions by

12  said Product Defendants, and DOES 1 through 400, and each of them, and their officers,

13  directors, and managing agents, inclusive, were substantial factors in, and participated in,

14  authorized, expressly and impliedly ratified, and had full knowledge of or should have

15  known, each of the acts set forth here causing his disease and injuries.   As the above

16  referenced conduct complained of in this complaint of said Product Defendants, and DOES 1

17  through 400, and each of them, and their officers, directors, and managing agents, inclusive,

18  was and is vile, base, willful, malicious, fraudulent, oppressive, outrageous, and said Product

19  Defendants, and each of them, inclusive, demonstrated such an entire want of care as to

20  establish that their acts and omissions were the result of actual conscious indifference to the

21  rights, safety, and welfare of plaintiff CONNIE DIETRICH and/or Paul Dietrich and Melvin

22  Beachler and of workers exposed to asbestos and asbestos products, such that, plaintiff, for

23  the sake of example, and by way of punishing said defendants, seek punitive damages

24  according to proof.

25                        **FOURTH CAUSE OF ACTION**

26               **PREMISES OWNER/CONTRACTOR LIABILITY**

27        **(Against All Premises Defendants and DOES 1 through 400)**

28     52.   Plaintiff re-alleges and incorporates here by reference, as though fully set forth

WEITZ & LUXENBERG P.C.
A PROFESSIONAL CORPORATION
LAW OFFICES
1880 CENTURY PARK EAST, SUITE 700
LOS ANGELES, CALIFORNIA 90067

- 17 -

1   at length herein, all of the allegations of paragraphs 1 through 51 above, inclusive.

2        53.    Plaintiff CONNIE DIETRICH and/or Paul Dietrich and Melvin Beachler

3   entered, performed work and was otherwise on or about the premises of **MASONEILAN**

4   **INTERNATIONAL, INC.**, f/k/a and individually and as successor in interest to MASON-

5   NEILAN REGULATOR COMPANY and ANNIN VALVE CO. (for valves, gaskets and

6   premises take home); **METALCLAD INSULATION LLC** f/k/a METALCLAD

7   INSULATION CORPORATION (for insulation, gaskets, contractor and premises take

8   home); **THE BOEING COMPANY**, individually and as successor by merger to

9   McDONNELL DOUGLAS CORPORATION, successor by merger with DOUGLAS

10  AIRCRAFT COMPANY (for premises take home), and DOES 1 through 400, and each of

11  them, inclusive (hereafter "Premises Defendants), including performing that which was to

12  defendants' benefit and advantage and at defendants' request and invitation.  In so doing,

13  plaintiff CONNIE DIETRICH and/or Paul Dietrich and Melvin Beachler was exposed to

14  dangerous asbestos fibers.

15       54.    At all times herein mentioned, the Premises Defendants, and each of them,

16  were the owners, lessors, operators, managers, general contractors, subcontractors or

17  otherwise controlled and maintained certain premises or portions thereof, on which asbestos

18  and asbestos-containing products were fabricated, constructed, manufactured, mixed,

19  processed, milled, crushed, dumped, piled, disposed of, installed, maintained, used, repaired,

20  replaced or otherwise disturbed (hereafter "use(d), handl(ed)(ing) or disturb(ed)(ance)") by

21  their own workers and/or by various contractors, so as to allow and cause and as a result,

22  dangerous airborne asbestos fibers were present on and about said premises while and/or

23  prior to the times plaintiff CONNIE DIETRICH and/or Paul Dietrich and Melvin Beachler

24  was present creating a hazardous condition upon said premises.

25       55.    At all times herein mentioned, the Premises Defendants, and each of them,

26  knew, or in the exercise of ordinary and reasonable care should have known, that the

27  contractors and/or subcontractors hired and/or retained were not competent, that the premises

28  in their control would be used as alleged without knowledge of, or inspection for, defects or

WEITZ & LUXENBERG P.C.
A PROFESSIONAL CORPORATION
LAW OFFICES
1880 CENTURY PARK EAST, SUITE 700
LOS ANGELES, CALIFORNIA 90067

- 18 -

1 | dangerous conditions and that the persons working on or using said premises would not be

2 | aware of the aforesaid hazardous conditions on the premises to which they were exposed.

3 |     56.    At all times mentioned herein, the Premises Defendants, and each of them,

4 | negligently failed to maintain, manage, inspect, survey, or control said premises, or to abate

5 | or correct, or to warn plaintiff CONNIE DIETRICH and/or Paul Dietrich and Melvin

6 | Beachler of the existence of the aforesaid dangerous conditions and hazards on said

7 | premises.

8 |     57.    At all times herein mentioned, the Premises Defendants, and each of them,

9 | knew, negligently and carelessly used asbestos-containing products in construction and

10 | renovation, hired contractors or subcontractors, created and/or approved building,

11 | specifications, supervised or failed to supervise contractors and subcontractors, researched or

12 | failed to research, tested or failed to test, warned or failed to warn, failed to recall or retrofit,

13 | labeled or failed to label, failed to provide protection for, failed to provide a safe work place,

14 | failed to provide adequate safety measures, devices and equipment, failed to provide

15 | adequate ventilation, failed to provide adequate signs, used asbestos-containing products in

16 | construction and renovation and failed to provide sufficient protection to plaintiff from

17 | hazards of asbestos, the danger of which said defendants were aware.

18 |     58.    At all times herein mentioned, the asbestos-containing products, including but

19 | not limited to, asbestos-containing building materials and products to be used, handled

20 | and/or disturbed on the premises of Premises Defendants, and each of them, caused personal

21 | injuries to users, consumers, workers and others, including plaintiff CONNIE DIETRICH

22 | and/or Paul Dietrich and Melvin Beachler, while being used, removed and/or handled in a

23 | manner reasonably foreseeable, thereby rendering these premises unsafe and dangerous to

24 | consumers, users, bystanders or workers exposed thereto, including plaintiff CONNIE

25 | DIETRICH and/or Paul Dietrich and Melvin Beachler.

26 |     59.    At all times herein mentioned, the Premises Defendants, and each of them,

27 | knew and could foresee that asbestos and asbestos-containing products used, handled and/or

28 | disturbed on the said defendants' premises, and the asbestos dust, debris, fiber and

WEITZ & LUXENBERG P.C.
A PROFESSIONAL CORPORATION
LAW OFFICES
1880 CENTURY PARK EAST, SUITE 700
LOS ANGELES, CALIFORNIA 90067

- 19 -

1  particulate released from the same, created an unreasonable risk of harm to persons entering

2  upon or present near or about the premises of said defendants.

3       60.    At all times herein mentioned, the Premises Defendants, and each of them,

4  knew and could reasonably foresee, or in the exercise of ordinary care should have known,

5  that said premises would be entered by persons, including plaintiff CONNIE DIETRICH

6  and/or Paul Dietrich and Melvin Beachler, without knowledge of, or inspection for, defects

7  or dangerous conditions and that said persons would not be aware of the aforesaid

8  unreasonable risk of harm.

9       61.    At all times herein mentioned, the Premises Defendants, and each of them,

10 knew and reasonably could foresee, or in the exercise of ordinary care should have known,

11 that the asbestos dust, debris, fiber and particulate released into the ambient air on and about

12 the premises of said defendants generated from the same above-described use, handling

13 and/or disturbance of the asbestos and asbestos-containing products, including asbestos-

14 laden waste derived from the premises of said defendants, was dangerous and created an

15 unreasonable risk of harm to persons entering upon or being present near or about the

16 premises of said defendants.

17      62.    At all times herein mentioned, the Premises Defendants, and each of them, had

18 a duty to disclose the presence of, and the dangers and hazards presented by and associated

19 with the asbestos-containing products and the asbestos fibers released and generated from the

20 same above-described use, handling and/or disturbance thereof on and about the premises of

21 said defendants.

22      63.    At all times herein mentioned, the Premises Defendants, and each of them, had

23 a duty to disclose the presence of, and the dangers and hazards presented by and associated

24 with the asbestos dust, debris, fiber and particulate released into the ambient air on and about

25 the premises of said defendants, including asbestos-laden waste derived from the premises of

26 said defendants.

27      64.    At all times herein mentioned, the Premises Defendants, and each of them, had

28 a duty to properly remove and/or abate said asbestos at these facilities before or during his

WEITZ & LUXENBERG P.C.
A PROFESSIONAL CORPORATION
LAW OFFICES
1880 CENTURY PARK EAST, SUITE 700
LOS ANGELES, CALIFORNIA 90067

- 20 -

presence, but failed to do so. The unreasonably dangerous conditions at these facilities was
of such a nature and existed long enough so that it was, or reasonably should have been,
discovered and corrected by a premises owner using reasonable care.

65.   At all times herein mentioned, plaintiff was continuously exposed to asbestos
and asbestos-containing dust while on or about the premises of the Premises Defendants
without the provision of appropriate safeguards by said defendants who had the duty
responsibility for such.

66.   Despite the knowledge by the Premises Defendants, and each of them, of the
aforesaid risks of harm from asbestos and asbestos products generally, and from the asbestos
dust, debris, fiber and particulate in the ambient air on or about the premises of said
defendants generated from the same above-described use, handling and/or disturbance of
asbestos and asbestos-containing products on and about the premises of said defendants, said
Premises Defendants, and each of them, failed to disclose or warn persons forseeably
exposed to asbestos, including plaintiff, of those asbestos hazards and dangers.

67.   Plaintiff CONNIE DIETRICH and/or Paul Dietrich and Melvin Beachler was
unaware of the risk of harm created by the aforesaid presence of asbestos products and
materials on said premises of the Premises Defendants, and each of them; and plaintiff was
also unaware of the unreasonable risk of harm created by the aforesaid dangerous asbestos
dust, debris, fiber and particulate in the ambient air on and about the premises of said
defendants.

68.   At all times herein mentioned, the Premises Defendants, and each of them,
retained control of the work and negligently failed to implement, and/or failed to have others
implement, proper safety precautions, and/or the use of proper work practices to guard
against those asbestos hazards on the premises of said defendants thereby creating an
unreasonable risk of harm to persons entering or being on, about or around said asbestos-
contaminated premises.

69.   Despite said knowledge, defendants, including Premises Defendants, and each
of them, misrepresented that their premises were safe and free of defects, and/or failed to

- 21 -

WEITZ & LUXENBERG P.C.
A PROFESSIONAL CORPORATION
LAW OFFICES
1880 CENTURY PARK EAST, SUITE 700
LOS ANGELES, CALIFORNIA 90067

1  disclose, and concealed, the presence of the asbestos dust, debris, fiber and particulate in the

2  ambient air on or about the premises of said defendants generated from the same above-

3  described use, handling and/or disturbance of asbestos and asbestos-containing products on

4  and about the premises of said defendants, including asbestos-laden waste derived from the

5  premises of said defendants, thereby creating an unreasonable risk of harm to persons

6  entering said premises and other exposed persons, including plaintiff.

7      70.    In reliance upon the foregoing acts, omissions and representations, plaintiff

8  CONNIE DIETRICH and/or Paul Dietrich and Melvin Beachler entered and was present

9  upon and/or performed work on said premises of the Premises Defendants, and each of them,

10  which was to defendants' benefit and advantage and at defendants' request and invitation;

11  whereupon there was dangerous asbestos dust, debris, fiber and particulate in the ambient air

12  as a result of the same above-described use, handling and/or disturbance of asbestos and

13  asbestos-containing products on and about the premises of said defendants, including

14  asbestos-laden waste derived from the premises of said defendants. In so doing, plaintiff was

15  exposed to dangerous asbestos fibers for which Premises Defendants are liable.

16      71.    At all times herein mentioned, despite the knowledge by the Premises

17  Defendants, and each of them, of the aforesaid risk of harm from asbestos and/or asbestos

18  products on or from its premises, said defendants retained control of the work and

19  negligently failed to implement, and/or failed to have others implement, proper safety

20  precautions, and/or the use of proper work practices to guard against those asbestos hazards

21  from the same above-described use, handling and/or disturbance of asbestos and/or asbestos

22  products on or from said defendants' premises creating an unreasonable risk of harm to

23  persons entering or being on, about or around said asbestos-contaminated premises.

24      72.    At all times herein mentioned, the Premises Defendants, and each of them,

25  were aware and knew of the dangers associated with breathing asbestos containing dust, and

26  that users of asbestos and asbestos products, as well as persons entering or being on, about or

27  around the premises who would be exposed to asbestos and asbestos-containing products,

28  had no knowledge or information indicating that asbestos could cause injury, and said

WEITZ & LUXENBERG P.C.
A PROFESSIONAL CORPORATION
LAW OFFICES
1880 CENTURY PARK EAST  SUITE 700
LOS ANGELES, CALIFORNIA  90067

- 22 -

1   Premises Defendants knew that the users of asbestos and asbestos-containing products, as

2   well as persons entering or being on, about or around the premises who were exposed to

3   asbestos and asbestos-containing products, would assume, and in fact did assume, that

4   exposure to asbestos and asbestos-containing products was safe, when in fact said exposure

5   was extremely hazardous to human life; and intended to instill a false security about the

6   safety of the premises.

7       73.     The Premises Defendants, and each of them, knew and failed to disclose that

8   plaintiff CONNIE DIETRICH and/or Paul Dietrich and Melvin Beachler and anyone

9   similarly situated, upon inhalation of asbestos would, in time, have a substantial risk of

10  developing irreversible conditions of pneumoconiosis, asbestosis, mesothelioma and/or

11  cancer, and knew and failed to disclose that inhalation of asbestos would cause pathological

12  effects without noticeable trauma to the public, including buyers, users, and physicians such

13  that physicians could not examine, diagnose and treat those who were exposed to asbestos,

14  including plaintiff.

15      74.     Despite said Premises Defendants knowledge of the substantial risks associated

16  with exposure to asbestos, willfully and knowingly concealed and actively suppressed and

17  promoted the suppression from all consumers and persons entering or being on said

18  premises, including plaintiff CONNIE DIETRICH, medical and scientific information

19  concerning the health hazards associated with inhalation of asbestos, including the

20  substantial risk of injury or death therefrom in conscious disregard of the rights, safety and

21  welfare of users, consumers, workers, persons working on around the premises or living with

22  persons entering or being on, about or around said asbestos-contaminated premises.

23      75.     Rather than attempting to protect, or warn persons entering or being on, about

24  or around the premises, the high risk of injury or death resulting from exposure to asbestos

25  and asbestos-containing products, the Premises Defendants, and each of them, intentionally

26  failed to reveal their knowledge of said risk, fraudulently, consciously and actively concealed

27  and suppressed said knowledge from persons entering or being on, about or around the

28  premises that asbestos and asbestos products were unsafe for all reasonably foreseeable use,

WEITZ & LUXENBERG P.C.,
A PROFESSIONAL CORPORATION
LAW OFFICES
1880 CENTURY PARK EAST  SUITE 700
LOS ANGELES, CALIFORNIA, 90067

- 23 -

1   with the knowledge of the falsity of said implied representations.   Said defendants
2   propagated misinformation to instill a false sense of security and safety to instill in persons
3   entering or being on, about or around the premises a false sense of security about the safety
4   of the premises.

5        76.   In so doing, the Premises Defendants, and each of them, did so with conscious
6   disregard for the safety of persons entering or being on, about or around the premises, in that
7   said defendants had specific prior knowledge that there was a high risk of injury or death
8   resulting from exposure to asbestos or asbestos-containing products being used on the
9   premises, including but not limited to mesothelioma.  Said knowledge was obtained, in part,
10   from scientific studies, government data, and medical data to which said defendants had
11   access, as well as scientific studies performed by, at the request of, or with the assistance of,
12   said defendants, and which knowledge was obtained by said defendants on or before 1932,
13   and thereafter.

14        77.   The above referenced conduct of said Premises Defendants, and each of them,
15   was motivated solely by the financial interest of said defendants and in pursuance of said
16   financial motivation, said defendants consciously disregarded the safety of the users of, and
17   persons exposed to, asbestos and asbestos-containing products, and were in fact, consciously
18   willing to permit asbestos and asbestos-containing products to cause injury to workers and
19   users thereof, and persons exposed thereto, including plaintiff.

20        78.   With said knowledge, said Product Defendants, and each of them, opted to
21   manufacture, distribute and install said asbestos and asbestos-containing products.

22        79.   Despite the knowledge by the Premises Defendants, and each of them, of the
23   aforesaid risk of harm from asbestos and/or asbestos products on or from its premises, and
24   without attempting to protect persons entering or being on, about or around the premises of
25   the high risk of injury or death resulting from exposure to asbestos the said defendants'
26   premises, the Premises Defendants, and each of them, negligently provided unsafe
27   equipment, products and materials, including, but not limited to, asbestos and asbestos-
28   containing products, to workers and others, including plaintiff CONNIE DIETRICH and/or

WEITZ & LUXENBERG P.C.
A PROFESSIONAL CORPORATION
LAW OFFICES
1880 CENTURY PARK EAST  SUITE 700
LOS ANGELES, CALIFORNIA 90067

- 24 -

1  Paul Dietrich and Melvin Beachler, which created a risk of harm to persons entering said

2  premises and persons exposed to asbestos dust, debris, fiber and particulate from the asbestos

3  and asbestos-containing products used, handled or disturbed as hereinabove described on the

4  premises of Premises Defendants.

5       80.    The unreasonably dangerous conditions at the premises of the Premises

6  Defendants was of such a nature and existed long enough so that it was, or reasonably should

7  have been, discovered and corrected by said defendants using reasonable care.

8       81.    As a consequence, exposed persons, including plaintiff, entered and performed

9  work in and on said premises which was to defendants' benefit and advantage and at

10  defendants' request and invitation.  In so doing and as a consequence thereof, plaintiff was

11  exposed to dangerous quantities of asbestos dust, debris, fiber and particulate from the

12  premises of Premises Defendants.

13       82.    Plaintiff was unaware of the risk of harm created by the aforesaid presence of

14  asbestos products and materials on said premises and negligent provision of equipment,

15  products and materials, including, but not limited to, asbestos and asbestos-containing

16  products.

17       83.    The conduct of Premises Defendants, and each of them, were a substantial

18  factor and a legal cause of plaintiff CONNIE DIETRICH and/or Paul Dietrich and Melvin

19  Beachler's injuries and damages thereby sustained by plaintiff, and that said defendants

20  demonstrated such an entire want of care as to establish that their acts and omissions were

21  the result of actual conscious indifference to the rights, safety, and welfare of plaintiff

22  CONNIE DIETRICH and/or Paul Dietrich and Melvin Beachler, and that such intentional

23  acts and omissions were substantial factors in causing his disease and injuries.

24       84.    Plaintiff CONNIE DIETRICH and/or Paul Dietrich and Melvin Beachler's

25  injuries and disease were the result of intentional acts and/or omissions, gross negligence and

26  malice in the use of asbestos at the premises of the Premises Defendants, and each of them,

27  in that said defendants had a duty to properly remove and/or abate said asbestos at these

28  facilities before or during his presence, but failed to do so.

WEITZ & LUXENBERG P.C.
A PROFESSIONAL CORPORATION
LAW OFFICES
1880 CENTURY PARK EAST, SUITE 700
LOS ANGELES, CALIFORNIA 90067

- 25 -

85.   As a direct and proximate result of the aforesaid conduct of said Premises Defendants, and each of them, plaintiff CONNIE DIETRICH suffered severe and permanent injuries to his person, and plaintiff suffered damages as alleged above.

86.   In particular, plaintiff would show that, as alleged here in this cause of action and throughout this complaint, that such intentional, grossly wanton acts and omissions by said Premises Defendants, and DOES 1 through 400, and each of them, and their officers, directors, and managing agents, inclusive, were substantial factors in, and participated in, authorized, expressly and impliedly ratified, and had full knowledge of or should have known, each of the acts set forth here causing his disease and injuries.   As the above referenced conduct complained of in this complaint of said Premises Defendants, and DOES 1 through 400, and each of them, and their officers, directors, and managing agents, inclusive, was and is vile, base, willful, malicious, fraudulent, oppressive, outrageous, and said Premises Defendants, and each of them, inclusive, demonstrated such an entire want of care as to establish that their acts and omissions were the result of actual conscious indifference to the rights, safety, and welfare of plaintiff CONNIE DIETRICH and/or Paul Dietrich and Melvin Beachler and of workers exposed to asbestos and asbestos products, such that, plaintiff, for the sake of example, and by way of punishing said defendants, seek punitive damages according to proof.

WHEREFORE, plaintiff prays judgment against defendants, and DOES 1 through 400, and each of them, inclusive, as follows:

1.  For general damages according to proof;

2.  For special damages according to proof;

3.  For medical and related expenses according to proof;

4.  For loss of income, earning capacity, earning potential according to proof;

5.  For exemplary or punitive damages according to proof;

6.  For costs of suit herein;

////

////

- 26 -

WEITZ & LUXENBERG P.C.
A PROFESSIONAL CORPORATION
LAW OFFICES
1880 CENTURY PARK EAST, SUITE 700
LOS ANGELES, CALIFORNIA 90067

7.  For prejudgment interest on all damages as allowed by laws; and

8.  For such other and further relief as the Court deems just and proper.

DATED: October 11, 2018.          WEITZ & LUXENBERG, P.C.


BY: _____
        BENNO ASHRAFI
        Attorneys for Plaintiff


## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial on all issues.

DATED: October 11, 2018.          WEITZ & LUXENBERG, P.C.


BY: _____
        BENNO ASHRAFI
        Attorneys for Plaintiff

WEITZ & LUXENBERG P.C.
A PROFESSIONAL CORPORATION
LAW OFFICES
1880 CENTURY PARK EAST, SUITE 700
LOS ANGELES, CALIFORNIA 90067

- 27 -
PLAINTIFF'S COMPLAINT

# PRELIMINARY FACT SHEET
(PERSONAL INJURY COMPLAINT)

## I.     BACKGROUND INFORMATION

Name: Connie Dietrich

Address: ███████████████     City: Lakewood     State: CA

Number of years at present address: 40     Number of years living in current state: 75

Date of Birth: ████████

Based on the current facts, do plaintiff(s) intend on filing a motion for preference?

X     Yes     _____ No     ____Do Not Know

Have you received, or have you applied for, Medicare benefits or Social Security Disability benefits?
_____ Yes     X     No

Have you ever resided in California? X     Yes     _____No.   If YES, provide cities in California where you resided and the dates you resided in each city.

City     Lakewood, Long Beach     Dates 1943 - Present

## II.    EXPOSURE [See Attachment]

Date of First Claimed Asbestos Exposure: 1948     Date of Last Claimed Asbestos Exposure 1979

For each asbestos-containing product to which you claim you were exposed, please provide the following information (fill in the chart):

| Defendant | Product at Issue | Date(s) of Exposure | Employer | Location of Exposure | Type of Exposure (Direct Occupational, Para-Occupational or Non-Occupational) |
|---|---|---|---|---|---|
| | | [SEE ATTACHMENT] | | | |
| | | | | | |
| | | | | | |

Have you ever served in the military? _____ Yes   X_____ No

If yes:

(a)   Identify the branch of service:_____

(b)   Identify the dates of service:_____

(c)   Identify the rank and title:_____

III.   **MEDICAL HISTORY**

1.   Which of the following diseases have you been diagnosed with?  Check all that apply:

X____ Mesothelioma (pleural)
_____ Mesothelioma (peritoneal)
_____ Lung Cancer – Squamous Cell/Adenocarcinoma/Small Cell/Other (circle one)
_____ Asbestosis
_____ Pleural Disease
_____ Other      Specify:_____

2.   Date of diagnosis and name of diagnosing doctor (per disease, if more than one):_____
      7/2/2018; Robert Shurman, M.D.

3.   Does any pathology material exist for the individual claiming an asbestos-related injury?
      X____Yes   _____ No

      If YES, please identify what material exists and where it is presently located:_____
      Chest wall tumor; Long Beach Memorial Medical Center, 2501 Atlantic Ave, Long Beach, CA 90801

4.   Have you ever smoked?         _____ Yes   X____ No
      If YES, state years and quantity smoked:_____

II. EXPOSURE

| Defendant | Product at Issue | Date(s) of Exposure | Employer | Location of Exposure | Type of Exposure (Direct Occupational, Para-Occupational or Non-Occupational) |
|---|---|---|---|---|---|
| AUTOZONE WEST, INC., individually and as successor in interest to CHIEF AUTO PARTS, INC. and a/k/a AUTOZONE, INC. | for auto parts supplier | 1948-1979 | N/A | Lakewood, CA; Long Beach, CA | Non-Occupational |
| BORGWARNER MORSE TEC LLC as successor by merger to BORG-WARNER CORPORATION | for auto clutches | 1948-1979 | N/A | Lakewood, CA; Long Beach, CA | Non-Occupational |
| HONEYWELL INTERNATIONAL INC., f/k/a and individually and as successor in interest to ALLIED SIGNAL, INC., individually and as successor in interest to BENDIX CORPORATION | for auto brakes | 1948-1979 | N/A | Lakewood, CA; Long Beach, CA | Non-Occupational |
| KELLY-MOORE PAINT COMPANY INC. | for joint compound | 1948-1979 | N/A | Lakewood, CA; Long Beach, CA | Non-Occupational |
| MASONEILAN INTERNATIONAL, INC., f/k/a and individually and as successor in interest to MASON-NEILAN REGULATOR COMPANY and ANNIN VALVE CO. | for valves, gaskets and premises take home | 1948-1979 | N/A | Lakewood, CA; Long Beach, CA | Non-Occupational |
| METALCLAD INSULATION LLC f/k/a METALCLAD INSULATION CORPORATION | for insulation, gaskets, contractor and premises take home | 1948-1979 | N/A | Lakewood, CA; Long Beach, CA | Non-Occupational |
| OWENS-ILLINOIS, INC., individually and as successor in interest to OWENS-ILLINOIS GLASS COMPANY | for insulation | 1948-1979 | N/A | Lakewood, CA; Long Beach, CA | Non-Occupational |
| SOCO WEST, INC. f/k/a BRENNTAG WEST, INC. f/k/a SOCO-LYNCH CORPORATION successor in interest to WESTERN CHEMICAL & MANUFACTURING, CO. | for asbestos fiber | 1948-1979 | N/A | Lakewood, CA; Long Beach, CA | Non-Occupational |

Preliminary Fact Sheet

II. EXPOSURE

| | | | | | |
|---|---|---|---|---|---|
| THE BOEING COMPANY, individually and as successor by merger to McDONNELL DOUGLAS CORPORATION, successor by merger with DOUGLAS AIRCRAFT COMPANY | for premises take home | 1948-1979 | N/A | Lakewood, CA; Long Beach, CA | Non-Occupational |
| THE PEP BOYS – MANNY, MOE & JACK OF CALIFORNIA | for auto parts supplier | 1948-1979 | N/A | Lakewood, CA; Long Beach, CA | Non-Occupational |
| UNION CARBIDE CORPORATION | for asbestos fiber | 1948-1979 | N/A | Lakewood, CA; Long Beach, CA | Non-Occupational |
| WESTERN AUTO SUPPLY COMPANY | for auto parts supplier | 1948-1979 | N/A | Lakewood, CA; Long Beach, CA | Non-Occupational |

Preliminary Fact Sheet

| | SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|---|
| COURTHOUSE ADDRESS:<br>Spring Street Courthouse<br>312 North Spring Street, Los Angeles, CA 90012 | | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>**10/11/2018**<br>Sherri R. Carter, Executive Officer / Clerk of Court<br>By: _Isaac Lovo_ Deputy |
| NOTICE OF CASE ASSIGNMENT<br>UNLIMITED CIVIL CASE | | |
| Your case is assigned for all purposes to the judicial officer indicated below. | CASE NUMBER:<br>18STCV00436 | |

**THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT**

| | ASSIGNED JUDGE | DEPT | ROOM | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|
| ✔ | Brian S. Currey | 15 | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record

on _10/11/2018_
   (Date)

Sherri R. Carter, Executive Officer / Clerk of Court

By _Isaac Lovo._ _____ , Deputy Clerk

LACIV 190 (Rev 6/18)
LASC Approved 05/06

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

### APPLICATION
The Division 7 Rules were effective January 1, 2007. They apply to all general civil cases.

### PRIORITY OVER OTHER RULES
The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE
A challenge under Code of Civil Procedure Section 170.6 must be made within **15** days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS
Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

### COMPLAINTS
All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

### CROSS-COMPLAINTS
Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

### STATUS CONFERENCE
A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE
The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date. All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference. These matters may be heard and resolved at this conference. At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

### SANCTIONS
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules. Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is imperative.**

### Class Actions
Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

### *Provisionally Complex Cases
Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status. If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

### APPLICATION
The Division 7 Rules were effective January 1, 2007. They apply to all general civil cases.

### PRIORITY OVER OTHER RULES
The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE
A challenge under Code of Civil Procedure Section 170.6 must be made within 15 days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS
Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

### COMPLAINTS
All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

### CROSS-COMPLAINTS
Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

### STATUS CONFERENCE
A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE
The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date. All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference. These matters may be heard and resolved at this conference. At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

### SANCTIONS
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules. Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is imperative.**

### Class Actions
Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

### *Provisionally Complex Cases
Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status. If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.

## VOLUNTARY EFFICIENT LITIGATION STIPULATIONS



**Superior Court of California
County of Los Angeles**



**Los Angeles County
Bar Association
Litigation Section**

**Los Angeles County
Bar Association Labor and
Employment Law Section**



**Consumer Attorneys
Association of Los Angeles**



**Southern California
Defense Counsel**



**Association of
Business Trial Lawyers**



**California Employment
Lawyers Association**

LACIV 230 (NEW)
LASC Approved 4-11
For Optional Use

The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties. The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application. These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

*The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

◆**Los Angeles County Bar Association Litigation Section**◆

◈ **Los Angeles County Bar Association
Labor and Employment Law Section**◆

◈**Consumer Attorneys Association of Los Angeles**◆

◆**Southern California Defense Counsel**◈

◆**Association of Business Trial Lawyers**◈

◆**California Employment Lawyers Association**◈

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY. | STATE BAR NUMBER: | Reserved for Clerk's File Stamp |
| --- | --- | --- |
| TELEPHONE NO.: FAX NO. (Optional): E-MAIL ADDRESS (Optional): ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – EARLY ORGANIZATIONAL MEETING | CASE NUMBER: |
| --- | --- |

**This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.**

**The parties agree that:**

1. The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, *to discuss and consider whether there can be agreement on the following*:

   a. Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise? If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve. Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable? Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

   b. Initial mutual exchanges of documents at the "core" of the litigation. (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core." In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.");

   c. Exchange of names and contact information of witnesses;

   d. Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

   e. Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

   f. Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case. Also, when and how such issues can be presented to the Court;

   g. Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

| SHORT TITLE | CASE NUMBER: |
|---|---|
| | |

discussed in the "Alternative Dispute Resolution (ADR) Information Package" served with the complaint;

   h.  Computation of damages, including documents, not privileged or protected from disclosure, on which such computation is based;

   i.  Whether the case is suitable for the Expedited Jury Trial procedures (see information at *www.lacourt.org* under "*Civil*" and then under "*General Information*").

2.   The time for a defending party to respond to a complaint or cross-complaint will be extended to _____ for the complaint, and _____ for the cross-
               (INSERT DATE)                        (INSERT DATE)
complaint, which is comprised of the 30 days to respond under Government Code § 68616(b), and the 30 days permitted by Code of Civil Procedure section 1054(a), good cause having been found by the Civil Supervising Judge due to the case management benefits provided by this Stipulation. A copy of the General Order can be found at *www.lacourt.org* under "*Civil*", click on "*General Information*", then click on "*Voluntary Efficient Litigation Stipulations*".

3.   The parties will prepare a joint report titled "Joint Status Report Pursuant to Initial Conference and Early Organizational Meeting Stipulation, and if desired, a proposed order summarizing results of their meet and confer and advising the Court of any way it may assist the parties' efficient conduct or resolution of the case. The parties shall attach the Joint Status Report to the Case Management Conference statement, and file the documents when the CMC statement is due.

4.   References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day

The following parties stipulate:

Date: _____

_____       > _____
   (TYPE OR PRINT NAME)                    (ATTORNEY FOR PLAINTIFF)
Date: _____

_____       > _____
   (TYPE OR PRINT NAME)                    (ATTORNEY FOR DEFENDANT)
Date: _____

_____       > _____
   (TYPE OR PRINT NAME)                    (ATTORNEY FOR DEFENDANT)
Date: _____

_____       > _____
   (TYPE OR PRINT NAME)                    (ATTORNEY FOR DEFENDANT)
Date: _____

_____       > _____
   (TYPE OR PRINT NAME)                    (ATTORNEY FOR _____)
Date: _____

_____       > _____
   (TYPE OR PRINT NAME)                    (ATTORNEY FOR _____)
Date: _____

_____       > _____
   (TYPE OR PRINT NAME)                    (ATTORNEY FOR _____)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:                    FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **STIPULATION – DISCOVERY RESOLUTION** | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.**

**The parties agree that:**

1. Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2. At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally. Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3. Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

    a. The party requesting the Informal Discovery Conference will:

        i.   File a Request for Informal Discovery Conference with the clerk's office on the approved form (copy attached) and deliver a courtesy, conformed copy to the assigned department;

        ii.  Include a brief summary of the dispute and specify the relief requested; and

        iii. Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

    b. Any Answer to a Request for Informal Discovery Conference must:

        i.   Also be filed on the approved form (copy attached);

        ii.  Include a brief summary of why the requested relief should be denied;

| SHORT TITLE | CASE NUMBER: |
|---|---|
| | |

    iii.   Be filed within two (2) court days of receipt of the Request; and

    iv.   Be served on the opposing party pursuant to any authorized or agreed upon method of service that ensures that the opposing party receives the Answer no later than the next court day following the filing.

  c.  No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted.

  d.  If the Court has not granted or denied the Request for Informal Discovery Conference within ten (10) days following the filing of the Request, then it shall be deemed to have been denied. If the Court acts on the Request, the parties will be notified whether the Request for Informal Discovery Conference has been granted or denied and, if granted, the date and time of the Informal Discovery Conference, which must be within twenty (20) days of the filing of the Request for Informal Discovery Conference.

  e.  If the conference is not held within twenty (20) days of the filing of the Request for Informal Discovery Conference, unless extended by agreement of the parties and the Court, then the Request for the Informal Discovery Conference shall be deemed to have been denied at that time.

4.  If (a) the Court has denied a conference or (b) one of the time deadlines above has expired without the Court having acted or (c) the Informal Discovery Conference is concluded without resolving the dispute, then a party may file a discovery motion to address unresolved issues.

5.  The parties hereby further agree that the time for making a motion to compel or other discovery motion is tolled from the date of filing of the Request for Informal Discovery Conference until (a) the request is denied or deemed denied or (b) twenty (20) days after the filing of the Request for Informal Discovery Conference, whichever is earlier, unless extended by Order of the Court.

It is the understanding and intent of the parties that this stipulation shall, for each discovery dispute to which it applies, constitute a writing memorializing a "specific later date to which the propounding [or demanding or requesting] party and the responding party have agreed in writing," within the meaning of Code Civil Procedure sections 2030.300(c), 2031.320(c), and 2033.290(c).

6.  Nothing herein will preclude any party from applying *ex parte* for appropriate relief, including an order shortening time for a motion to be heard concerning discovery.

7.  Any party may terminate this stipulation by giving twenty-one (21) days notice of intent to terminate the stipulation.

8.  References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

| SHORT TITLE: | CASE NUMBER: |
|---|---|
|  |  |

**The following parties stipulate:**

Date:

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR PLAINTIFF)

Date:

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR DEFENDANT)

Date:

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR DEFENDANT)

Date:

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR DEFENDANT)

Date:

_____
(TYPE OR PRINT NAME)

➢ (ATTORNEY FOR _____ )

Date:

_____
(TYPE OR PRINT NAME)

➢ (ATTORNEY FOR _____ )

Date:

_____
(TYPE OR PRINT NAME)

➢ (ATTORNEY FOR _____ )

**STIPULATION – DISCOVERY RESOLUTION**

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:   FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | | |

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| INFORMAL DISCOVERY CONFERENCE<br>(pursuant to the Discovery Resolution Stipulation of the parties) | CASE NUMBER: |
|---|---|

1. This document relates to:
   ☐  Request for Informal Discovery Conference
   ☐  Answer to Request for Informal Discovery Conference

2. Deadline for Court to decide on Request: _____ (insert date 10 calendar days following filing of the Request).

3. Deadline for Court to hold Informal Discovery Conference: _____ (insert date 20 calendar days following filing of the Request).

4. **For a Request for Informal Discovery Conference, briefly describe the nature of the discovery dispute, including the facts and legal arguments at issue. For an Answer to Request for Informal Discovery Conference, briefly describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.**

**INFORMAL DISCOVERY CONFERENCE**
(pursuant to the Discovery Resolution Stipulation of the parties)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY. | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:    FAX NO. (Optional): E-MAIL ADDRESS (Optional): ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION AND ORDER – MOTIONS IN LIMINE | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.**

**The parties agree that:**

1. At least _____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine. Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2. The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine. In that meet and confer, the parties will determine:

   a. Whether the parties can stipulate to any of the proposed motions. If the parties so stipulate, they may file a stipulation and proposed order with the Court.

   b. Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues. For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference. Each side's portion of the short joint statement of issues may not exceed three pages. The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3. All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

**The following parties stipulate:**

Date: _____

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR PLAINTIFF)

Date: _____

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR DEFENDANT)

Date: _____

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR DEFENDANT)

Date: _____

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR DEFENDANT)

Date: _____

_____
(TYPE OR PRINT NAME)

➢ (ATTORNEY FOR _____ )

Date: _____

_____
(TYPE OR PRINT NAME)

➢ (ATTORNEY FOR _____ )

Date: _____

_____
(TYPE OR PRINT NAME)

➢ (ATTORNEY FOR _____ )

**THE COURT SO ORDERS.**

Date: _____

_____
JUDICIAL OFFICER

# Superior Court of California
# County of Los Angeles



# ALTERNATIVE DISPUTE RESOLUTION (ADR)
# INFORMATION PACKET

The person who files a civil lawsuit (plaintiff) must include the ADR information Packet with the complaint when serving the defendant. Cross-complainants must serve the ADR Information Packet on any new parties named to the action together with the cross-complaint.

There are a number of ways to resolve civil disputes without having to sue someone. These alternatives to a lawsuit are known as alternative dispute resolution (ADR).

In ADR, trained, impartial persons decide disputes or help parties decide disputes themselves. These persons are called neutrals. For example, in mediations, the neutral is the mediator. Neutrals normally are chosen by the disputing parties or by the court. Neutrals can help resolve disputes without having to go to court.

LAADR 005 (Rev. 03/17)
LASC Adopted 10-03
Cal. Rules of Court, rule 3.221

**Advantages of ADR**
- Often faster than going to trial
- Often less expensive, saving the litigants court costs, attorney's fees and expert fees.
- May permit more participation, allowing parties to have more control over the outcome.
- Allows for flexibility in choice of ADR processes and resolution of the dispute.
- Fosters cooperation by allowing parties to work together with the neutral to resolve the dispute and mutually agree to remedy.
- There are fewer, if any, court appearances. Because ADR can be faster and save money, it can reduce stress.

**Disadvantages of ADR** - ADR may not be suitable for every dispute.
- If ADR is binding, the parties normally give up most court protections, including a decision by a judge or jury under formal rules of evidence and procedure, and review for legal error by an appellate court.
- ADR may not be effective if it takes place before the parties have sufficient information to resolve the dispute.
- The neutral may charge a fee for his or her services.
- If the dispute is not resolved through ADR, the parties may then have to face the usual and traditional costs of trial, such as attorney's fees and expert fees.

**The Most Common Types of ADR**

- **Mediation**

    In mediation, a neutral (the mediator) assists the parties in reaching a mutually acceptable resolution of their dispute. Unlike lawsuits or some other types of ADR, the parties, rather than the mediator, decide how the dispute is to be resolved.

    - **Mediation is particularly effective** when the parties have a continuing relationship, like neighbors or business people. Mediation is also very effective where personal feelings are getting in the way of a resolution. This is because mediation normally gives the parties a chance to express their feelings and find out how the other sees things.

    - **Mediation may not be effective** when one party is unwilling to cooperate or compromise or when one of the parties has a significant advantage in power over the other. Therefore, it may not be a good choice if the parties have a history of abuse or victimization.

LAADR 005 (Rev. 03/17)
LASC Adopted 10-03
Cal. Rules of Court, rule 3.221

▷ **Arbitration**

In arbitration, a neutral person called an "arbitrator" hears arguments and evidence from each side and then decides the outcome of the dispute. Arbitration is typically less formal than a trial, and the rules of evidence may be relaxed. Arbitration may be either "binding" or "non-binding." Binding arbitration means the parties waive their right to a trial and agree to accept the arbitrator's decision as final. Non-binding arbitration means that the parties are free to request a trial if they reject the arbitrator's decision.

Arbitration is best for cases where the parties want another person to decide the outcome of their dispute for them but would like to avoid the formality, time, and expense of a trial. It may also be appropriate for complex matters where the parties want a decision-maker who has training or experience in the subject matter of the dispute.

▪ **Mandatory Settlement Conference (MSC)**

**Settlement Conferences are appropriate in any case where settlement is an option.** Mandatory Settlement Conferences are ordered by the Court and are often held near the date a case is set for trial. The parties and their attorneys meet with a judge who devotes his or her time exclusively to preside over the MSC. The judge does not make a decision in the case but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement.

The Los Angeles Superior Court Mandatory Settlement Conference (MSC) program is free of charge and staffed by experienced sitting civil judges who devote their time exclusively to presiding over MSCs. The judges participating in the judicial MSC program and their locations are identified in the List of Settlement Officers found on the Los Angeles Superior Court website at http://www.lacourt.org/. This program is available in general jurisdiction cases with represented parties from independent calendar (IC) and Central Civil West (CCW) courtrooms. In addition, on an ad hoc basis, personal injury cases may be referred to the program on the eve of trial by the personal injury master calendar courts in the Stanley Mosk Courthouse or the asbestos calendar court in CCW.

In order to access the Los Angeles Superior Court MSC Program the judge in the IC courtroom, the CCW Courtroom or the personal injury master calendar courtroom must refer the parties to the program. Further, all parties must complete the information requested in the Settlement Conference Intake Form and email the completed form to mscdept18@lacourt.org.

LAADR 005 (Rev. 03/17)
LASC Adopted 10-03
Cal. Rules of Court, rule 3.221

**Additional Information**

To locate a dispute resolution program or neutral in your community:

- Contact the California Department of Consumer Affairs (www.dca.ca.gov) Consumer Information Center toll free at 800-952-5210, or;
- Contact the local bar association (http://www.lacba.org/) or;
- Look in a telephone directory or search online for "mediators; or "arbitrators."

There may be a charge for services provided by private arbitrators and mediators.

A list of approved State Bar Approved Mandatory Fee Arbitration programs is available at
http://calbar.ca.gov/Attorneys/MemberServices/FeeArbitration/ApprovedPrograms.aspx#19

To request information about, or assistance with, dispute resolution, call the number listed below. Or you may call a Contract Provider agency directly. A list of current Contract Provider agencies in Los Angeles County is available at the link below.

http://css.lacounty.gov/programs/dispute-resolution-program-drp/

County of Los Angeles Dispute Resolution Program
3175 West 6th Street, Room 406
Los Angeles, CA 90020-1798
TEL: (213) 738-2621
FAX: (213) 386-3995

LAADR 005 (Rev. 03/17)
LASC Adopted 10-03
Cal. Rules of Court, rule 3.221

Benno Ashrafi, Esq. (CSBN 247623)
Marc Willick, Esq. (CSBN 175379)
**WEITZ & LUXENBERG, P.C.**
1880 Century Park East, Ste. 700
Los Angeles, California 90067
Telephone:   (310) 247-0921
Facsimile:   (310) 786-9927

Attorneys for Plaintiff

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

OCT 11 2018

Sherri R. Carter, Executive Officer/Clerk of Court
By: Isaac Lovo, Deputy

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES

Coordinated Proceeding
Special Title (Rule 3.550)
LAOSD ASBESTOS CASES

CONNIE DIETRICH, an individual;

Plaintiffs,

v.

AUTOZONE WEST, INC., et al.,

Defendants.

CASE NO.   **18STCV00436**

**PLAINTIFF'S NOTICE OF DEPOSITING JURY FEES**

Complaint filed: October 11, 2018

WEITZ & LUXENBERG P.C.
A PROFESSIONAL CORPORATION
LAW OFFICES
1880 CENTURY PARK EAST, SUITE 700
LOS ANGELES, CALIFORNIA 90067

COPY

**TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD HEREIN:**

**PLEASE TAKE NOTICE** that pursuant to California Code of Civil Procedure Section 631(b), Plaintiff now deposits jury fees with Los Angeles Superior Court in connection with the above-captioned matter.

TO:   The above court, the Clerk thereof, and all concerned parties:

The above-entitled case, having requested a jury trial, the statutory fee of one hundred and fifty dollars ($150.00) prescribed as and for the first day's deposit for trial by jury, is tendered herewith on behalf of Plaintiff.

DATED: October 11, 2018                                      **WEITZ & LUXENBERG, P.C.**

Benno Ashrafi, Esq.
Attorneys for Plaintiff

COPY

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's Stamp |
|---|---|
| COURT ADDRESS:<br>111 North Hill Street, Los Angeles, CA 90012 | |
| PLAINTIFF:<br>CONNIE DIETRICH | |
| DEFENDANT:<br>AUTOZONE WEST, INC., et al. | |
| **CIVIL DEPOSIT** | CASE NUMBER: |

CLERK:  PREPARE A FORM FOR EACH DEPOSITOR PAYING SEPARATELY

**PLEASE REPORT TO THE CLERK'S OFFICE/CASHIER:**
[x] Room 102, Central Civil   [ ] Clerk's Office , Room_____   [ ] Department Number_____

| | | Distribution Codes | | Amt Due | | | Distribution Codes | | Amt Due |
|---|---|---|---|---|---|---|---|---|---|
| [ ] | 251 | DAILY JURY FEES<br>Dates:_____<br># of day(s)_____x$_____ | | | [ ] | 74 | DEPOSIT IN TRUST | | |
| [x] | 72 | JURY FEES<br>Trial Date: NONE SET<br>(Initial Deposit) $ 150.00 | | | [ ] | 101 | FIRST PAPERS-<br>GENERAL JURISDICTION | | |
| [ ] | 252 | REPORTERS FEES<br>Dates:_____<br># of 1/ 2 day(s)_____x$_____<br>Full Day. | | | [ ] | 101 | FIRST PAPERS-LIMITED OVER $10,000 | | |
| | | | | | [ ] | 141 | With declaration Limited to $10,000<br>(per B&P 6322.1(a)) | | |
| | | | | | [ ] | 130 | Limited to $10,000 | | |
| [ ] | 721 | SANCTIONS ORDERED ON<br>Date:_____ | | | [ ] | 211 | RECLASSIFICATION FEE | | |
| [ ] | 213 | MOTIONS/APPLICATION TO CONT. HEARING | | | [ ] | 150 | COMPLEX LITIGATION TRIAL/PLAINTIFF | | |
| | 200 | MOTIONS/APPLICATION TO CONT.TRIAL | | | [ ] | 151 | COMPLEX LITIGATION TRIAL/DEFENDANT | | |
| | | Other: | | | | | | | |

To be paid via:   [ ] Cash   [x] Check   [ ] Certified Check/Money Order   [ ] Credit Card

[ ] On or Before_____   [ ] Forthwith

Payment will be made by   [x] Plaintiff Connie Dietrich .   [ ] Defendant_____

JOHN A. CLARKE, Executive Officer/Clerk

DATE _____   BY: _____

Deputy Clerk

| TO BE COMPLETED BY DEPOSITOR | CASHIER'S VALIDATION |
|---|---|
| Depositor's Name: Weitz & Luxenberg, P.C.<br><br>[ ] Plaintiff in Pro Per   [ ] Defendant in Pro Per<br><br>[x] Counsel for   [x] Plaintiff   Connie Dietrich<br>                              *Name of Party*<br>         [ ] Defendant_____<br>                              *Name of Party*<br>Address of depositor  1880 Century Park East, Suite 700<br>                              *Street*<br>         Los Angeles, CA 90067<br>                              *City/State/Zip* | |

CIV 083 03-04 (Rev. 05/06)
LASC Approved

CIVIL DEPOSIT
Distribution: Original - Case File   Copy-Customer



FILED
Superior Court of California
County of Los Angeles

OCT 2 5 2011

John A. Clarke, Executive Officer/Clerk
By _Alfredo Morales_, Deputy
ALFREDO MORALES

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

| IN RE LAOSD ASBESTOS LITIGATION | JCCP CASE NO. 4674 |
| | ORDER AUTHORIZING ELECTRONIC SERVICE |
| | |
| | Dept: 324 |
| | Judge: Hon. Emilie H. Elias |

ORDER AUTHORIZING ELECTRONIC SERVICE                                   Page 1 of 11

**1.   APPLICATION OF ORDER**

2    Judicial Council Coordinated Proceedings Case No. 4674 (hereinafter referred to as
3    "ASBESTOS LITIGATION" or "JCCP 4674") is deemed complex litigation within the meaning of
4    the California Standards of Judicial Administration for Complex Litigation Section 19 and California
5    Rules of Court, Rule 3.400, *et. seq.* As such, ASBESTOS LITIGATION requires specialized
6    management to avoid placing unnecessary burdens on the Court and the litigants and to keep costs
7    reasonable.

8    At the Omnibus Status Conference held on October 6, 2011 the Court advised all parties
9    present that it intended to order e-service. On the same date, the parties were invited to join a
10   committee to select the provider and to discuss the terms of the e-service process. The Court met with
11   said committee, which consisted of representatives from both plaintiff and defense sides, on
12   October 18, 2011 to hear presentations from potential providers and to discuss the nature of this
13   Order. The Court further provided the draft of this Order to said committee for their input. Said
14   committee has selected the provider and has given their input into this Order.

15   The Court finds that entry of an order requiring mandatory electronic service of all pleadings
16   and documents subsequent to the filing of the Complaint and Summons in ASBESTOS
17   LITIGATION actions will benefit the Court, counsel and litigants, and will further the orderly
18   conduct and management of ASBESTOS LITIGATION in this jurisdiction. The Court further finds
19   that electronic service will not cause undue hardship or significant prejudice to any party. Therefore,
20   pursuant to California Rules of Court, Rule 2.253, the Court hereby orders service subsequent to the
21   filing and service of the Complaint and Summons to be accomplished electronically as set forth in
22   this Order by all parties in ASBESTOS LITIGATION. California Rules of Court, Rules 2.250
23   through 2.261 shall govern the electronic service of documents in the ASBESTOS LITIGATION.
24   Electronic service of ASBESTOS LITIGATION documents requires utilization of an electronic
25   service provider. Any such provider must be approved by the Court. The effective date for
26   electronic service in ASBESTOS LITIGATION shall be November 14, 2011.

27

28

2. **DEFINITIONS**

    A.    **E-Service VENDOR or VENDOR or Approved VENDOR** – A private firm or other business entity approved and selected by the Court to provide electronic service. As of the effective date of this Order, the Court has approved LexisNexis (http://www.lexisnexis.com/fileandserve).

    B.    **E-Service** – Electronic transmission of an original document to all other designated recipients via the VENDOR's system. Upon the completion of any transmission to the VENDOR's system, a transaction receipt is issued to the sender acknowledging receipt by the VENDOR system. Once the VENDOR has served all recipients, proof of electronic service shall be available to the sender from VENDOR.

    C.    **ASBESTOS LITIGATION** – All cases that have been, or become, coordinated into JCCP 4674.

    D.    **E-Document** – An electronic version of a word processing document which generally is composed of text.

    E.    **E-Image** – An electronic version of a document that has been scanned or converted to a graphical or image format.

    F.    **USER(S)** – Any party or non-party to an action who files ASBESTOS LITIGATION documents and utilizes the services of the approved VENDOR.

    G.    **CASE** -- The individual case filed by a plaintiff which is now, or later becomes, a part of the ASBESTOS LITIGATION.

3. **OPERATION OF ELECTRONIC SERVICE PROCEDURE**

    A.    All parties to the ASBESTOS LITIGATION pending in this Court, other than self-represented parties, shall utilize the services of an approved VENDOR on and after the effective date of this Order. USERS shall enter into the following arrangements with VENDOR:

        1.    A standard service agreement during the registration process with the approved VENDOR that will govern any and all transactions completed within and outside the scope of this Order, in addition to additional features

1   that USERS may but are not required to use in connection with the electronic

2   serving of documents through the VENDOR;

3   2.   An addendum agreement referenced herein shall apply solely and exclusively

4   to the parties to the ASBESTOS LITIGATION and their legal

5   representatives, and shall not be altered by VENDOR without Court

6   approval.

7   B.   The fees charged by the VENDOR for use of the electronic service system shall be

8   established by the VENDOR pursuant to the agreed upon terms. Other than that

9   specifically contemplated by the terms of the agreement, VENDOR shall maintain

10   the fee structure in effect for E-Service at the commencement of this Order. No fees

11   associated with electronic service may be increased by the VENDOR without Court

12   approval after having given at least 60 days prior notice to all USERS.

13   C.   The Court may solicit bids from other potential VENDORs and submit to the parties

14   in ASBESTOS LITIGATION any recommendations for a change in the designation

15   of the VENDOR or the terms of the Service Agreement. Should a party in

16   ASBESTOS LITIGATION seek to alter the current VENDOR, it must seek leave of

17   Court to do so.

18   **4.   ASSIGNMENT BY THE VENDOR OF WEBSITE AND USERNAME AND**

19   **PASSWORD**

20   VENDOR shall establish and maintain an internet website for the ASBESTOS LITIGATION.

21   VENDOR will post all documents served by the parties to the website as provided in this Order and

22   shall serve each document on the parties included on the service list provided to VENDOR in

23   accordance with the procedures herein.

24   A general page will be created for JCCP 4674. All orders that apply to all CASES in

25   ASBESTOS LITIGATION or notices from the Court shall be designated by the Court to be posted

26   and served on all parties under JCCP 4674. All other documents shall be posted and served on all

27   parties in the CASE to which the document pertains under the individual CASE number.

28

1  VENDOR shall assign to the party's designated representative a confidential USER name

2  and password which may be used to electronically serve and receive pleadings, orders, and other

3  documents that are filed and/or served in ASBESTOS LITIGATION. No attorney or party

4  representative shall knowingly authorize or permit his/her USER name or password to be utilized by

5  anyone other than the authorized attorneys or employees of the attorney's law firm.

6  **5.   ELECTRONIC SERVICE OF PLEADINGS AND OTHER DOCUMENTS**

7  All documents filed with the Court shall be electronically served on all parties. Except as

8  expressly provided herein, all pleadings, motions, memoranda of law, declarations, orders, discovery,

9  *ex parte* notices, deposition notices and objections, or other documents served in ASBESTOS

10  LITIGATION by USERS shall be electronically served.

11  Notice(s) of *ex partes*, whether by letter or pleading, shall be uploaded as a separate

12  transaction. All notices of depositions and objections to depositions must be uploaded as a separate

13  transaction. Except as set forth above, documents pertaining to the same CASE may be served as one

14  transaction if they pertain to the same category of documents and the same party, i.e. notice of motion,

15  points and authorities, declarations, etc. for one motion may be served together as a single

16  transaction.

17  USERS may electronically serve other documents not specifically contemplated above. Other

18  correspondence between counsel need not be served electronically.

19  In the event a document is served by any method authorized under the Code of Civil Procedure

20  other than electronic service, a copy of the document(s) also shall be electronically served in

21  compliance with the terms of this Order by 5:00 p.m. on the next business day.

22  Nothing is intended by this Order to modify the obligations of service as set forth in the

23  California Code of Civil Procedure and/or other applicable rules.

24  A.   Complaint and First Appearances

25  Plaintiff shall file in paper form the complaint and summons and proof of

26  service of same; these documents shall also be posted electronically. Electronic

27  service of a summons and complaint does not constitute service of process for any

28

ORDER AUTHORIZING ELECTRONIC SERVICE                                          Page 5 of 11

purpose and does not relieve the serving party from compliance with the applicable provisions of the California Code of Civil Procedure.

Each defendant shall serve its first pleading in each CASE with the VENDOR in such manner as the VENDOR shall establish to enter its appearance and serve its first pleading electronically in the newly-filed CASEs.

**B.    Service Lists**

Within five (5) days of this Order, every counsel for plaintiffs in ASBESTOS LITIGATION shall submit to the VENDOR a complete and current service list of counsel of record for each matter in which they represent a plaintiff(s) in ASBESTOS LITIGATION. Each attorney of record for a party in the ASBESTOS LITIGATION shall register for electronic service by completing the appropriate VENDOR application within ten (10) days of this Order.

Within ten (10) days of the effective transfer of any CASE from a referring Court into the ASBESTOS LITIGATION, counsel for plaintiff shall submit to the VENDOR a complete and current service list of all parties and their attorneys of record. Each attorney of record shall register for electronic service by completing the appropriate VENDOR application within ten (10) days of service of notice of transfer of a CASE from a referring Court into the ASBESTOS LITIGATION.

Within fifteen (15) days of the entry of appearance of a new party in the ASBESTOS LITIGATION, each attorney of record for that party shall register for electronic service by completing the appropriate VENDOR application

A party seeking to be removed from a service list on any CASE shall file with the Court and serve on all parties a "Request To Be Removed From The Service List." Any party objecting to the removal of the requesting party must file with the Court and serve on all parties an objection within five (5) court days. If no objection is received, the requesting party shall be removed from the service list by the party initiating the

1   action against the requesting party. Parties may only be removed from a service list by

2   the party initiating the action or by order of the Court.

3         Service list changes will remain the responsibility of the individual parties

4   through their counsel, if any. The VENDOR shall process the changes requested by

5   parties, but the VENDOR will not initiate them.

6   **6.   EFFECT OF USE OF E-SERVICE AND TIME FOR SERVICE**

7         No document transmitted electronically shall be considered as served unless it is accepted by

8   the VENDOR. Electronic service shall be complete at the time of transmission. However, any

9   documents transmitted after 5:00 P.M., Pacific Time, will be deemed to have been served on the

10   following date.

11         Any period of notice or any right or duty to do any act or make any response within any period

12   or on a date certain after the service of the document, which time period or date is prescribed by

13   statute or California Rules of Court, shall be extended after service by electronic transmission by two

14   court days, but the extension shall not extend the time for filing notice of intention to move for new

15   trial, notice of intention to move to vacate judgment pursuant to Code of Civil Procedure § 663a, or

16   notice of appeal (California Rules of Court, Rule 2.251(f)(2)).

17         In the event that a document is rejected for filing by the Court after VENDOR has posted it on

18   the website, the party that caused the document to be posted shall promptly notify VENDOR in

19   writing that the document was rejected by the Court for filing. VENDOR shall cause a permanent

20   notation to be placed on the website in conjunction with that document memorializing the fact of

21   rejection. All parties reserve their rights to object to untimely or otherwise improperly filed and/or

22   served documents.

23   **7.   FORMAT OF ELECTRONICALLY SERVED DOCUMENTS**

24       A.   Pleadings, Discovery, and General Documents

25         All electronically served documents, to the extent practicable, shall be

26   formatted in accordance with the applicable rules governing formatting of paper

27   pleadings, and in such other or further format as the Court may require. The date and

28

1   time of the hearing or trial in connection with which the document is submitted shall

2   be designated on the cover page of each document. The caption and signature page of

3   any document served shall contain the name of the attorney and, if applicable, the

4   name of the law firm representing the party and the name of the party on whose behalf

5   the document is served.

6      All documents relating to a single motion, pleading or paper shall be

7   electronically served together in a single service transaction. All documents

8   electronically served shall be identified by: (a) the name of the serving law firm; (b)

9   the caption(s) of the CASE(s), including specific CASE number; (c) a brief title of the

10  document, including the name of the party to whom it is directed; and (d) the identity

11  of the party on whose behalf the document is being served.

12     The document title entered on the VENDOR system shall be substantially the

13  same as the caption on the document. This title is used to allow USERS to quickly

14  search the VENDOR system and locate specific documents. The title shall be used

15  for administrative and reference purposes only, but is not determinative for any other

16  purpose.

17     Documents that are required to be redacted per California Rules of Court,

18  Rule 1.20 shall be served in their unredacted form, but shall be filed with the Court

19  redacted in accordance with the California Rules of Court. Documents lodged

20  provisionally under seal, pursuant to California Rules of Court, Rules 2.550, *et seq.*,

21  shall be electronically served in a locked format and shall be so served on the parties

22  in said CASE. The redacted versions shall also be served, in unlocked version, on all

23  parties in said CASE.

24  **B.**  <u>Non-Electronic Exhibits or Other Items</u>

25     Exhibits to declarations or other documents that are nontext articles, real

26  objects, or other documents not readily susceptible to electronic service may be

27

28

1  served in non-electronic form.  A notice of such alternative service shall be served

2  electronically.

3  **C.   Proof of Service**

4   Proof of electronic service shall conform to the applicable provisions of the

5  Code of Civil Procedure and the California Rules of Court.  The VENDOR's

6  transaction receipt may operate as the proof of service so long as it complies

7  substantially with such provisions.  A proof of service page may be attached to the

8  last page of any electronically served document.  Neither a separate caption page nor

9  a separate filing of the proof of service is required so long as the proof of service

10  page contains a caption referencing the CASE name and action number, is attached

11  as the last page of the electronically served document to which it refers, and

12  references the VENDOR's transaction receipt.

13  **8.   SIGNATURES ON E-SERVED DOCUMENTS**

14   Every pleading, document, and instrument electronically served shall be deemed to have

15  been signed by any judge, licensed attorney, court official or person authorized to execute proofs of

16  service if it bears the graphic signature or the typographical signature of such person, e.g. "/s/ Adam

17  Attorney," along with the typed name, address, telephone number, and State Bar of California

18  number of a signing attorney.  Such graphic or typographical signatures shall be treated as personal

19  signatures for all purposes under the California Code of Civil Procedure.

20   Other than the attorney of record for a party in a CASE, all other filed and/or served

21  documents requiring a signature under penalty of perjury must be imaged to reflect the handwritten

22  signature of the declarant to accomplish valid service.  Upon request, the filing and/or serving party

23  shall provide the original of such typographically signed or imaged documents.

24   USERS shall retain in their files or in the file of the Court an original dated hard copy with

25  hand written signature as required of all electronically served documents.  The hard copies shall be

26  made available for inspection upon reasonable notice.

27

28

**9.   NEW PARTIES**

A copy of this Order or reference to the court file where such Order is located shall be provided to all parties at the time of initial service of the Complaint or at any other such first time a new party is brought into an existing action in ASBESTOS LITIGATION.

**10.   USER AND VENDOR TECHNICAL PROBLEMS**

In the event that a USER is temporarily unable to electronically serve due to technical problems, the USER should promptly seek relief from the Court. The Court shall establish policies and procedures for USERS to follow when requesting an extension of time due to technical problems.

If electronic service does not occur because:  (1) of an error in the transmission of the document to the VENDOR or served party which was unknown to the sending party, (2) of a failure to process the electronic document when received by the VENDOR, (3) a party was erroneously excluded from the service list, or (4) of other technical problems experienced by the VENDOR, the party or parties affected may be entitled to an extension for any response or the period within which any right, duty, or other act must be performed, provided the USER demonstrates that s/he attempted to otherwise timely complete service on a particular day and time.

VENDOR shall provide, in the least, telephonic technical service assistance to the Court and parties in ASBESTOS LITIGATION 24-hours per day, 365-days per year, and shall work diligently to avoid and promptly resolve any technical difficulties.

**11.   PARTIES NOT REPRESENTED BY COUNSEL AND NON-PARTIES**

Parties not represented by counsel and non-parties are not required to electronically serve documents and may serve documents in accordance with the California Code of Civil Procedure and other applicable rules.

**12.   ELECTRONIC SERVICE OF ORDERS AND OTHER DOCUMENTS BY THE COURT**

The Court may electronically serve orders and other documents electronically on parties in the ASBESTOS LITIGATION.

**13.  OBJECTION TO E-SERVICE ORDER AND NOTICE OF ORDER**

A.   All parties currently in the ASBESTOS LITIGATION shall have ten (10) days from service of this Order to file objection with the Court.  Any party appearing after November 14, 2011, shall have ten (10) days from their initial appearance to lodge any objections to this Order and to seek exemption.  A copy of this Order or reference thereto shall be served upon any newly appearing party with the initiating pleadings. Exemptions may be granted in the discretion of the Court if it appears that a party would suffer undue hardship or significant prejudice.

B.   Counsel for Plaintiff is further ordered to serve a copy of this Order on parties in each CASE within five (5) days of the entry of this Order.

**IT IS SO ORDERED.**

Dated:  October __25__, 2011

_____

EMILIE H. ELIAS
JUDGE OF THE LOS ANGELES SUPERIOR COURT